IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-385

Filed: 1 November 2016

Durham County, No. 14 CVS 5766

SED HOLDINGS, LLC, Plaintiff,

v.

3 STAR PROPERTIES, LLC, JAMES JOHNSON, TMPS LLC, MARK HYLAND, AND HOME SERVICING, LLC, Defendants.

Appeal by defendants from orders entered between 24 September 2015 and 5 January 2016 by Judge G. Wayne Abernathy in Durham County Superior Court. Heard in the Court of Appeals 21 September 2016.

*Graebe Hanna & Sullivan, PLLC, by Douglas W. Hanna, for plaintiff-appellee.*

*Law Offices of Hayes Hofler, P.A., by R. Hayes Hofler, III, for defendants-appellants.*

ZACHARY, Judge.

Generally, when a party gives notice of appeal from a trial court order, that appeal deprives the trial court of jurisdiction to proceed on any matter embraced by the challenged order. But this general rule is subject to exceptions, one of which applies in the instant case. Here, a preliminary injunction was granted against defendants, and they appealed that interlocutory order to this Court. While the appeal was pending, the trial court held contempt proceedings and entered several show cause orders to enforce the terms of its injunction. The trial court ultimately

held defendants in civil contempt. After determining that the injunction was subject to immediate review, this Court held that the injunction order was properly entered. Defendants now appeal the entry of the contempt orders, and they argue that their notice of appeal from the injunction deprived the trial court of jurisdiction, rendering the contempt orders null and void. For the reasons that follow, we conclude that the trial court retained jurisdiction to enter contempt orders pending defendants' first appeal and, accordingly, we affirm the entry of those orders.

## I. Background

The factual genesis of this case was the execution of a "Non-Performing Note and Mortgage Loan Sale Agreement" (Agreement) between plaintiff SED Holdings, LLC (SED) and defendant 3 Star Properties, LLC (3 Star). Both SED and 3 Star are in the business of buying and selling pools of residential mortgage loans. Defendant Mark Hyland (Hyland) is the managing member of defendant TMPS LLC (TMPS), a Texas-based limited liability company. 3 Star had previously purchased the loan pool at issue in this case from TMPS. Defendant James Johnson is a managing member of 3 Star, and he negotiated the terms of the Agreement with SED.

Pursuant to the Agreement, which was executed on 20 June 2014, SED agreed to purchase 1,235 mortgages—with a total outstanding value of $71,180,364.00—from 3 Star for $13,880,171.00. SED agreed to pay $2,000,000.00[1] of the purchase

---

[1] $300,000.00 of the initial payment was the earnest money deposit.

price in cash at closing, and to pay the remaining principal balance of $11,880,171.00 pursuant to the terms of a promissory note (the Note). A Security Agreement was also executed by the parties. The Agreement required SED to use the following third parties to hold, inspect, cure, and process the loans until the Note was paid off: (1) Brown and Associates, a Texas law firm, acted as custodian of the records; and (2) defendant Home Servicing, LLC (Home Servicing) was responsible for servicing the loan files. This requirement stemmed from Hyland and TMPS's pre-existing relationship with Brown & Associates and Home Servicing.

The Agreement also contained a "put back" provision that allowed SED to return to 3 Star any loan or asset that either suffered from an "incurable documentary defect" or was unsecured by a valid first mortgage. The put back provision had to be invoked within 45 days of closing. Critically, the Security Agreement provided that if SED defaulted on the terms of the sale, 3 Star had the right to take possession of all assets and attempt to sell them on behalf of SED.

Problems arose after SED inspected the mortgage pool in July 2014. According to SED, the entire deal rested on certain representations made by Johnson and 3 Star, most notably that each mortgage was secured by real property and that 3 Star owned all loans contained in the pool. Taking the position that these representations were materially false, SED claimed that 3 Star owned only a few of the loans, many of which were unsecured and essentially worthless. SED attempted to return 605 loans for a refund, but 3 Star did not respond to the "put back" notice.

Instead, 3 Star claimed that SED had defaulted on the Agreement's terms and had not made a good-faith attempt to sell the non-performing mortgages it acquired from 3 Star. As a result, 3 Star served SED with a notice of default on 17 October 2014 and expressed an intention to exercise its right to sell assets from the loan pool on behalf of SED. In response, SED filed a verified complaint[2] against defendants in Durham County Superior Court on 1 December 2014. The complaint alleged claims for, *inter alia*, breach of contract, fraud, negligent misrepresentation, and civil conspiracy, and also contained a motion asking for preliminary injunctive relief. Defendants then filed a motion to dismiss the complaint for lack of subject matter jurisdiction and improper venue based on a forum selection clause in the Security Agreement and a choice of law provision in the Agreement, which provided, respectively, that any actions would be filed in Harris County, Texas, and that Texas law would govern.

After the trial court heard defendants' motion to dismiss and SED's motion for injunctive relief, it entered two orders on 13 February 2015. One order denied defendants' motion to dismiss, and the other order granted SED's motion for injunctive relief. The injunction prohibited defendants from "selling . . . or otherwise making any dispositions of any of the loans sold to SED[,]" and it instructed defendants to place any monies they collected from transactions related to the loan

---

[2] We note that the essence of the complaint was that defendants acted in concert to defraud SED under the Agreement.

sale in escrow pending the case's resolution. SED was instructed to post a $100,000.00 bond to protect and secure defendants' rights. On 19 February 2015, defendants gave notice of appeal from both of the trial court's orders. *See SED Holdings, LLC v. 3 Star Properties, LLC*, __ N.C. App. __, 784 S.E.2d 627 (2016) ("*SED I*").

Although the denial of defendants' motion to dismiss and the granting of SED's motion for a preliminary injunction were interlocutory orders, this Court addressed the merits of defendants' arguments concerning each order. *Id.* at __, 784 S.E.2d at 630-31. Because the preliminary injunction froze monies related to the mortgage pool sale, the *SED I* Court held that it affected defendants' substantial "right to use and control [their] assets." *Id.* at __, 784 S.E.2d at 630. However, the trial court's injunction was ultimately upheld. *Id.* at __, 784 S.E.2d at 632. This Court's mandate in *SED I* was issued on 25 April 2016.

While the appeal in *SED I* was pending, the trial court conducted a series of contempt proceedings and issued several orders ("the contempt orders") between September 2015 and January 2016. Those proceedings were prompted by SED's motion to show cause why defendants should not be held in civil contempt for failure to comply with the injunction. SED's motion to show cause contained allegations that defendants had violated the injunction by selling loans related to the Agreement and disbursing funds that were required to be held in escrow. On 24 September 2015, the trial court entered an order that commanded defendants to show cause why they

should not be held in civil contempt. The show cause order contained the following

pertinent findings of fact:

> 12. On . . . 28 [July] 2015, SED sent an email to Home Servicing . . . requesting the following information on the assets: (1) Payoff date; (2) Next due date; (3) Acquired UPB; (4) Beginning UPB; and (5) Ending UPB. This information is necessary in order to properly market the assets and obtain the maximum value in a potential sale. . . .
>
> 13. The affidavit submitted by SED, and the evidence attached to the Motion to Show Cause, support the fact that Home Servicing . . . refused to provide the requested information based on instructions given to it by [d]efendants 3 Star, Johnson, TMPS[,] . . . and . . . Hyland. . . .
>
> 14. The affidavit submitted by SED, and the evidence attached to the Motion to Show Cause, support the fact that . . . Home Servicing . . . has refused to provide a disclosure of all monies [it has] collected . . . and/or held in escrow regarding the assets at issue.

Based on these findings, the trial court concluded as a matter of law that: (1) the

injunction did not affect a substantial right of defendants and was thus not

immediately appealable, and (2) the trial court retained jurisdiction to enforce the

terms of its injunction while defendants' appeal was pending in this Court. The

parties eventually agreed to a consent order that required Home Servicing to produce

servicing data on the loan pool; however, the information that was produced indicated

that loans covered by the injunction had been sold and that Home Servicing had failed

to deposit service fees it collected from those transactions in escrow. Consequently,

the trial court entered additional show cause orders to enforce the injunction. The trial court ultimately entered a 5 January 2016 order that held defendants in civil contempt. Defendants now appeal the entry of the contempt orders.

## II. Standard of Review

Appellate review of a contempt order is ordinarily "limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Middleton v. Middleton*, 159 N.C. App. 224, 226, 583 S.E.2d 48, 49 (2003) (citation omitted). Yet in this case, defendants do not directly attack the contempt orders; instead, they challenge the trial court's subject matter jurisdiction to enter those orders. "The standard of review for lack of subject matter jurisdiction is *de novo*." *Keith v. Wallerich*, 201 N.C. App. 550, 554, 687 S.E.2d 299, 302 (2009) (citation omitted).

## III. Analysis

Defendants' sole argument on appeal is that that the trial court lacked jurisdiction to enter any of its contempt orders. According to defendants, the trial court had no jurisdiction over the case following their 19 February 2015 notice of appeal from the injunction. The gravamen of defendants' argument is that the orders entered while the appeal was pending are nullities and should be vacated. We disagree.

The longstanding, general rule in North Carolina is that when a party gives notice of appeal, the trial court is divested of jurisdiction until the appellate court

returns a mandate in the case. *E.g.*, *Lowder v. All Star Mills, Inc.*, 301 N.C. 561, 580, 273 S.E.2d 247, 258 (1981) ("The well-established rule of law is that 'an appeal from a judgment rendered in the Superior Court suspends all further proceedings in the cause in that court, pending the appeal.'") (quoting *Harris v. Fairley*, 232 N.C. 555, 556, 61 S.E.2d 619, 620 (1950)); *Hoke v. Atl. Greyhound Corp.*, 227 N.C. 374, 375, 42 S.E.2d 407, 408 (1947). To that end, our General Assembly has provided that an appeal from a trial court order or judgment automatically "stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein[.]" N.C. Gen. Stat. § 1-294 (2015). Pending the appeal, the trial judge is generally *functus officio*, *France v. France*, 209 N.C. App. 406, 410, 705 S.E.2d 399, 404 (2011), Latin for "having performed his or her office," which is defined as being "without further authority or legal competence because the duties and functions of the original commission have been fully accomplished." Black's Law Dictionary 743 (9th ed. 2009). The principle behind the common law doctrine of *functus officio*, which safeguards the rule codified in section 1-294, "stems from the general rule that two courts cannot ordinarily have jurisdiction of the same case at the same time." *RPR & Assocs., Inc. v. Univ. of N. Carolina-Chapel Hill*, 153 N.C. App. 342, 347, 570 S.E.2d 510, 513 (2002), *cert. denied and disc. review denied*, 357 N.C. 166, 579 S.E.2d 882 (2003).

Even so, the rule codified at section 1-294 and, by extension, the *functus officio* doctrine, are not without exceptions. For instance, even when a party has noted an

appeal, the trial court "retains jurisdiction to take action which aids the appeal, . . . and to hear motions and grant orders," when those matters are " 'not affected by the judgment appealed from.' " *Faulkenbury v. Teachers' & State Employees' Ret. Sys. of N. Carolina*, 108 N.C. App. 357, 364, 424 S.E.2d 420, 422 (quoting N.C. Gen. Stat. § 1-294), *aff'd per curiam*, 335 N.C. 158, 436 S.E.2d 821 (1993). Section 1-294's automatic stay is easily applied in the context of a final judgment, "one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). A final judgment "is always appealable," for the trial court has completed its duties. *Embler v. Embler*, 143 N.C. App. 162, 164, 545 S.E.2d 259, 261 (2001). Yet an interlocutory order, one that "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy[,]" is generally not appealable. *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381. North Carolina law therefore recognizes that merely giving notice of appeal from an interlocutory order does not automatically deprive the trial court of jurisdiction. Instead, the scope of a trial court's continuing jurisdiction—if jurisdiction continues at all—largely depends upon whether the interlocutory order being challenged is eligible for immediate review.

If a party appeals from an interlocutory order that is immediately appealable, the trial court's jurisdiction is removed and it may not proceed on any matters embraced by the order. *Patrick v. Hurdle*, 7 N.C. App. 44, 45, 171 S.E.2d 58, 59

(1969); *see also* N.C. Gen. Stat. § 1-294. "Where a party appeals from a nonappealable interlocutory order, however, such appeal does not deprive the trial court of jurisdiction and thus the court may properly proceed with the case." *RPR & Assocs.*, 153 N.C. App. at 347, 570 S.E.2d at 514 (citation omitted). The latter rule serves to prevent litigants from delaying "the administration of justice [by] bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." *Veazey*, 231 N.C. at 363, 57 S.E.2d at 382.

Immediate review is available where an interlocutory order "affects a substantial right that 'will clearly be lost or irremediably adversely affected if the order is not review[ed] before final judgment.'" *Edmondson v. Macclesfield L-P Gas Co.*, 182 N.C. App. 381, 391, 642 S.E.2d 265, 272 (2007) (quoting *Blackwelder v. Dept. of Human Res.*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983)); *see also* N.C. Gen. Stat. § 1-277(a) (2015) ("An appeal may be taken from every judicial order or determination of a [trial] judge . . . which affects a substantial right claimed in any action or proceeding[.]"); N.C. Gen. Stat. § 7A-27(b)(3) (2015) (providing a right of appeal from any interlocutory order that*, inter alia*, affects a substantial right). As our Supreme Court has acknowledged, this determination must be made on a case-by-case basis: "[T]he 'substantial right' test for appealability of interlocutory orders is more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Qualified*

*Pers., Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). Despite the muddy waters of the substantial right test, it is clear that a trial court need not await the appellate court's decision as to whether an appeal has been attempted from a nonappealable interlocutory order. Indeed, because "a litigant cannot deprive the trial court of jurisdiction to determine a case on its merits by appealing from a nonappealable interlocutory order[,]" *Velez v. Dick Keffer Pontiac-GMC Truck, Inc.*, 144 N.C App. 589, 591, 551 S.E.2d 873, 875 (2001), "[t]he trial court has the authority . . . to determine whether or not its order affects a substantial right of the parties or is otherwise immediately appealable." *RPR & Assocs.*, 153 N.C. App. at 348, 570 S.E.2d at 514 (citations omitted).

In the instant case, the trial court determined that its injunction did not affect a substantial right and thus was not immediately appealable. As a result, the court found that it retained jurisdiction to hold contempt proceedings and enforce its injunction order. SED contends that the facts related to jurisdiction in *RPR Assocs.* are indistinguishable from those in the present case. After careful review, we agree.

In *RPR Assocs.*, the defendant appealed from an interlocutory order denying its motion to dismiss based on sovereign immunity. 153 N.C. App. at 344, 570 S.E.2d at 512. Despite the appeal, the plaintiff continued to pursue its claims at the trial level and argued that the interlocutory order was not immediately appealable. *Id.* at 344-45, 570 S.E.2d at 512. In response, the defendant moved the trial court on two occasions to stay proceedings pending the appeal, but both motions were denied. *Id.*

at 345, 570 S.E.2d at 512-13. This Court initially granted the defendant's motion for a temporary stay pending the appeal and then later dissolved it. *Id.* at 345, 570 S.E.2d at 512. Our Supreme Court also denied the defendants' petitions for certain extraordinary writs. *Id.*

Upon consideration of the defendant's appeal from the denial of its motion to dismiss, this Court determined that the interlocutory order affected a substantial right, but ultimately held that the motion to dismiss was properly denied because sovereign immunity had been waived. *RPR & Assocs. v. State*, 139 N.C. App. 525, 527, 534 S.E.2d 247, 250 (2000), *affirmed per curiam*, 353 N.C. 362, 543 S.E.2d 480 (2001) ("*RPR I*"). However, after the interlocutory appeal was heard by this Court in *RPR I*, but before the decision was filed, the trial court proceeded to the case's merits, heard evidence, and entered a final judgment. *RPR & Assocs.*, 153 N.C. App. at 346, 570 S.E.2d at 513. Both parties appealed from that judgment, and the defendant argued that the trial court's jurisdiction over the case was terminated once the defendant's interlocutory notice of appeal was entered in *RPR I*. *Id.* After explaining that the *functus officio* doctrine does not apply to nonappealable interlocutory orders, this Court rejected the defendant's argument, reasoning that

> [b]ecause the trial court had the authority to determine whether its order affected [the] defendant's substantial rights or was otherwise immediately appealable, the trial court did not err in continuing to exercise jurisdiction over this case after [the] defendant filed its notice of appeal. The trial court's determination that the order was nonappealable was reasonable in light of established

> precedent and the repeated denials by the appellate courts
> of this State to stay proceedings. Although this Court
> ultimately held that [the] defendant's appeal affected a
> substantial right, it also held that defendant was not
> immune to suit. [The d]efendant states no grounds, nor
> has it produced any evidence to demonstrate how it was
> prejudiced by the trial court's exercise of jurisdiction over
> this case.

*Id.* at 349, 570 S.E.2d at 515.

At the very least, *RPR & Assocs.* stands for two general propositions: (1) a trial court properly retains jurisdiction over a case if it acts reasonably in determining that an interlocutory order is not immediately appealable, and (2) that determination may be considered reasonable even if the appellate court ultimately holds that the challenged order is subject to immediate review.

Given this backdrop, we conclude that both the procedural posture of this case, and the jurisdictional issues it presents, are substantially similar to the situation in *RPR & Assocs.* Defendants filed notice of appeal on 19 February 2015 from the trial court's order granting SED's motion for preliminary injunctive relief. Meanwhile, the trial court proceeded with contempt proceedings to enforce the order. As with the motion to dismiss based upon sovereign immunity in *RPR & Assocs.*, this Court held that defendants' interlocutory appeal of the injunction affected a substantial right and was immediately appealable. *SED I*, __ N.C. App. ___, 784 S.E.2d at 630. But "such a holding was not a foregone conclusion." *RPR & Assocs.*, 153 N.C. App. at 348, 570 S.E.2d at 514.

It is clear that injunctive orders entered only to maintain the status quo pending trial are not immediately appealable. *Barnes v. St. Rose Church of Christ, Disciples of Christ*, 160 N.C. App. 590, 592, 586 S.E.2d 548, 550 (2003); *Stancil v. Stancil*, 94 N.C. App. 760, 763-64, 381 S.E.2d 720, 722-23 (1989); *Dixon v. Dixon*, 62 N.C. App. 744, 745, 303 S.E.2d 606, 607 (1983). Then again, reasonable minds may disagree as to whether a particular injunction simply maintains the status quo. Beyond that, our courts have taken a flexible approach with respect to the appealability of orders granting injunctive relief. Most relevant to this case, orders affecting a party's ability to conduct business or control its assets may or may not implicate a substantial right.

In *Barnes*, after the plaintiff alleged that a pastor had improperly converted the legal status of a church from an unincorporated religious association to a non-profit corporation and breached his fiduciary duties by transferring the church's assets to corporate accounts, the trial court enjoined the transfer of assets and appointed a receiver to manage the church's finances and assets pending a resolution on the merits. 160 N.C. App. at 591, 586 S.E.2d at 549. On appeal, the defendants argued that the injunction and appointment of a receiver prevented the church from conducting its own business. *Id.* at 592, 586 S.E.2d at 550. This Court disagreed, noting that because the injunctive relief did not halt the church's day-to-day operations and was designed to maintain the status quo of the church's finances

during the litigation, no substantial right had been affected, and thus the challenged orders were not immediately appealable. *Id.*

By contrast, in *Scottish Re Life Corp. v. Transamerica Occidental Life Ins. Co.*, which involved a high-stakes dispute over reinsurance contracts, the preliminary injunction was subject to immediate review: "Given the large amount of money at issue in this case [($30,000,000.00)], the fact that the trial court impinged appellant's right to the use and control of those assets, and the unavoidable and lengthy delays [of planned arbitration proceedings in the matter,] . . . we hold that appellant must be granted its appeal to preserve a substantial right." 184 N.C. App. 292, 294-95, 647 S.E.2d 102, 104 (2007).

Here, the trial court adopted *Barnes'* reasoning to support its determination that the preliminary injunction was not immediately appealable, while this Court in *SED I* cited *Scottish Re Life Corp.* to support its determination that the preliminary injunction was immediately appealable. *SED I*, __ N.C. App. __, 784 S.E.2d at 630. The decisions in *Barnes* and *Scottish Re Life Corp.* underscore the fact that there are "[n]o hard and fast rules . . . for determining which appeals affect a substantial right." *Cagle v. Teachy*, 111 N.C. App. 244, 246, 431 S.E.2d 801, 802 (1993). Furthermore, this Court clearly explained the injunction's purpose in *SED I*:

> [SED] claims it would incur irreparable harm if [d]efendants were able to liquidate the monies or mortgages arising from the mortgage sale. Prohibiting [d]efendants from moving these assets for the pendency of litigation maintains the status quo and protects the

> monetary and injunctive relief [SED] seeks. Moreover,
> [d]efendants' rights are protected by the $100,000.00 bond
> posted by [SED].

__ N.C. App. at __, 784 S.E.2d at 632.

Because the injunctive relief was designed to maintain the status quo, and given that established precedent regarding the appealability of such orders is equivocal, the trial court reasonably concluded that its injunction was not immediately appealable. While this Court eventually held in *SED I* that defendants' appeal affected a substantial right, that decision was not dispositive of whether the trial court acted reasonably in determining that the appeal had not divested it of jurisdiction. *RPR & Assocs.*, 153 N.C. App. at 348, 570 S.E.2d at 514. As such, the trial court was not *functus officio*. This Court also held that the trial court's ruling on SED's motion for injunctive relief was not erroneous. Defendants therefore cannot demonstrate how they were "prejudiced by the trial court's [decision to continue to] exercise . . . jurisdiction over this case" by enforcing its injunction. *Id.* Accordingly, pursuant to the principles announced in *RPR & Assocs.*, we conclude that the trial court retained jurisdiction to enter orders related to the contempt proceedings in this case while defendants' interlocutory appeal was pending in this Court.

## IV. Conclusion

Given the particular facts at issue and the procedural context in which the contempt orders were entered, the trial court acted reasonably in continuing to exercise jurisdiction over the case while defendants' appeal of the injunction was

pending in this Court.  Furthermore, because the injunction was ultimately upheld, the contempt orders entered to enforce it did not prejudice defendants.  Consequently, the trial court retained jurisdiction to enter the contempt orders and we affirm the entry of each order.

AFFIRMED.

Judges ELMORE and ENOCHS concur.