Red Valve, Inc. v. Titan Valve, LLC, 2019 NCBC 76.

STATE OF NORTH CAROLINA

GASTON COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 1064

RED VALVE, INC. and
HILLENBRAND, INC.,

        Plaintiffs,

v.

TITAN VALVE, LLC; BEN PAYNE;
FABIAN AEDO ORTIZ; and JOHN
DOES 1-10,

        Defendants.

**ORDER AND OPINION STAYING
DEADLINES PENDING APPEAL**

1.    **THIS MATTER** is before the Court *sua sponte* to consider whether certain relief previously ordered by the Court must or should be stayed in light of Defendants Titan Valve, Inc. ("Titan"), Ben Payne ("Payne"), and Fabian Aedo Ortiz's ("Aedo") (collectively, the "Titan Defendants") recent appeal of various orders, including those in which the Court ordered the relief at issue here.

2.    Having considered the parties' briefs, the arguments of counsel at the October 29, 2019 hearing, and the relevant record, the Court concludes that the enforcement of the deadlines set forth in paragraph 149 of the Second Sanctions Order and paragraph 81 of the Second Fee Award should be **STAYED** pending resolution of the Titan Defendants' appeal.

*Nelson Mullins Riley & Scarborough LLP, by David N. Allen, Benjamin S. Chesson, and Anna Majestro, for Plaintiffs Red Valve, Inc. and Hillenbrand, Inc.*

*Bell, Davis & Pitt, P.A., by Edward B. Davis and Joshua B. Durham, for Defendants Titan Valve, Inc., Ben Payne, and Fabian Aedo Ortiz.*

Bledsoe, Chief Judge.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

3. On September 3, 2019, the Court issued its Order and Opinion on Plaintiffs Red Valve, Inc. and Hillenbrand, Inc.'s ("Plaintiffs") Verified Motion for Order to Show Cause and Second Motion for Sanctions and Contempt ("Second Sanctions Order"). (ECF No. 217.) In the Second Sanctions Order, the Court: (i) struck the Titan Defendants' Answer and entered default against them, (Order & Op. Pls.' V. Mot. Order Show Cause & Second Mot. Sanctions & Contempt ¶ 149(a)(i) [hereinafter "2nd Sans. Order"]); (ii) ordered the parties, within fourteen (14) days of entry of the Order, to meet, confer, and submit for the Court's review and approval a revised Return Protocol (the "Modified Return Protocol"), (2nd Sans. Order ¶ 149(a)(ii)(1)); (iii) ordered the Titan Defendants, in conjunction with their forensic expert, Reliance Forensics, to thereafter re-conduct the Return Protocol on all of the Titan Defendants' devices as provided in the Modified Return Protocol and to bear all fees and costs of re-conducting the Return Protocol, (2nd Sans. Order ¶ 149(a)(ii)(2)–(4)); (iv) ordered the Titan Defendants to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in investigating the conduct necessitating the Second Sanctions Motion and seeking and obtaining the relief afforded through the Second Sanctions Motion, with the total amount of fees and expenses and allocation of payment to be addressed by separate order, (2nd Sans. Order ¶ 149(a)(iii)); and (v) ordered the Titan Defendants to pay to Plaintiffs the costs associated with the forensic examination ordered in the First Sanctions Order, (ECF Nos. 139 and 141, filed under seal and publicly,

respectively), with the total amount of costs and allocation of payment again to be addressed by separate order, (2nd Sans. Order ¶ 149(a)(iv)).

4.    Two days later, on September 5, 2019, the Court issued its Order and Opinion on Plaintiffs' Petition for Reasonable Expenses Resulting from Plaintiffs' Second Motion for Sanctions ("Second Fee Award"). (ECF No. 218.) As forecasted in the Second Sanctions Order, the Court in the Second Fee Award ordered the Titan Defendants to pay, within thirty-five (35) days of the entry of the Second Fee Award, Plaintiffs' reasonable expenses, including reasonable attorneys' fees, as follows: (i) Titan was ordered to pay Plaintiffs the total amount of $246,577.50, with Aedo and Payne held jointly and severally liable for specific portions of that amount, (Order & Op. Pls.' Pet. Reasonable Expenses Resulting Pls.' Second Mot. Sanctions ¶ 81(a) [hereinafter "2nd Fee Award"]); (ii) Aedo and Titan were held jointly and severally liable to Plaintiffs for $106,995.89 of the $246,577.50 awarded, (2nd Fee Award ¶ 81(b)); and (iii) Payne and Titan were held jointly and severally liable for $85,821.20 of the $246,577.50 awarded, (2nd Fee Award ¶ 81(c)), (collectively, "Awarded Expenses").

5.    Shortly thereafter, on September 6, 2019, the Titan Defendants filed a Notice of Appeal to the Supreme Court of North Carolina appealing twelve of the Court's orders, including the Second Sanctions Order and the Second Fee Award.[1] (ECF No. 219.)

---

[1] The other orders on appeal are the Court's (i) March 14, 2018 Temporary Restraining Order, (ECF No. 7); (ii) March 30, 2018 Order on Plaintiffs' Motion for Expedited Discovery, (ECF No. 23); (iii) April 17, 2018 Preliminary Injunction Order, (ECF No. 42); (iv) April 17, 2018 Order Clarifying Preliminary Injunction, (ECF No. 43); (v) January 11, 2019 Order and

6. At the Court's request, the parties met and conferred concerning the impact of the Titan Defendants' appeal on the procedural posture of the case, and, on September 13, 2019, the parties filed a joint status report on that issue. (ECF No. 220.) The Court convened a status conference on September 18, 2019 to discuss the matters reflected in the joint status report, including whether the Court could proceed on any matters in this litigation pending the resolution of the Titan Defendants' appeal.

7. The day before the status conference, on September 17, 2019, the parties filed a Joint Motion for Extension of Time, (ECF No. 222), to meet, confer, and submit to the Court the Modified Return Protocol required under paragraph 149(a)(ii)(1) of the Second Sanctions Order, which the Court granted the same day, (ECF No. 224). On September 19, 2019, and consistent with the Court's discussions with counsel at the September 18, 2019 status conference, the Court entered an Order of Interim Stay of Deadlines Pending Appeal, (ECF No. 226), staying until further order all deadlines for compliance with the Second Sanctions Order and the Second Fee Award, as well as all unexpired deadlines in the Case Management Order filed on July 6, 2018, (ECF No. 63), as amended by the Court's December 20, 2018 Order, (ECF No. 137). That same day, the Court issued a scheduling order, (ECF No. 225), requesting briefing and hearing on whether the Court must or should stay the enforcement of the

Opinion on Plaintiffs' Motion for Sanctions, (ECF No. 139); (vi) February 5, 2019 Device Discovery Protocol, (ECF No. 152); (vii) February 12, 2019 Order on Defendant Aedo's Motion for Extension of Time, (ECF No. 157); (viii) February 27, 2019 Return and Preservation Protocol, (ECF No. 162); (ix) March 14, 2019 Preliminary Order on Plaintiffs' Motion for Sanctions, (ECF No. 171); and (x) March 15, 2019 Order on Plaintiffs' BCR 10.9 Dispute Summaries, (ECF No. 172).

deadlines set forth in paragraph 149 of the Second Sanctions Order concerning the Modified Return Protocol and paragraph 81 of the Second Fee Award concerning the payment of the Awarded Expenses.

8. These matters have been fully briefed, and the Court held a hearing on these matters on October 29, 2019, at which all remaining represented parties were represented by counsel.

## II.

## ANALYSIS

9. The parties' various arguments for and against a stay of the enforcement of the deadlines at issue center around the following questions: (i) whether the enforcement of certain deadlines must be automatically stayed under N.C.G.S. § 1-294; (ii) whether N.C.G.S. §§ 1-289 and 1-290 and North Carolina Rule of Civil Procedure 62 ("Rule 62") permit enforcement pending the appeal; and (iii) whether the Court should, in any event, exercise its inherent authority to enter a discretionary stay of enforcement of the deadlines at issue.

A. N.C.G.S. § 1-294

10. N.C.G.S. § 1-294 provides, in relevant part, that

> [w]hen an appeal is perfected . . . it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein, unless otherwise provided by the Rules of Appellate Procedure; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

The same result occurs upon perfection of an appeal from an "appealable interlocutory order[.]" *Veazey v. Durham*, 231 N.C. 357, 363, 57 S.E.2d 377, 382

(1950). An interlocutory order "does not dispose of the case[ ] but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id.* at 362, 57 S.E.2d at 381. Although generally not appealable, an interlocutory order is immediately appealable when it "affects a substantial right that 'will clearly be lost or irremediably adversely affected if the order is not review[ed] before final judgment.' " *SED Holdings, LLC v. 3 Star Props., LLC*, 250 N.C. App. 215, 221, 791 S.E.2d 914, 919 (2016) (quoting *Edmondson v. Macclesfield L-P Gas Co.*, 182 N.C. App. 381, 391, 642 S.E.2d 265, 272 (2007)); *see also* N.C.G.S. § 1-277(a) ("An appeal may be taken from every judicial order . . . which affects a substantial right claimed in any action or proceeding[.]"). An appealable interlocutory order is treated as a judgment for purposes of § 1-294, so no further proceedings in connection with such an order are permitted. *See Veazey*, 231 N.C. at 363, 57 S.E.2d at 382; *SED Holdings, LLC*, 250 N.C. App. at 221, 791 S.E.2d at 919; N.C.G.S. § 1-277(a).

11. A "two-part test has developed" to determine whether an interlocutory order affects a substantial right: "the right itself must be substantial and the deprivation of that substantial right must potentially work injury to [the appellant] if not corrected before appeal from final judgment." *Plasman v. Decca Furniture (USA), Inc.*, 800 S.E.2d 761, 768 (N.C. Ct. App. 2017) (quoting *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990)), *disc. rev. denied*, 812 S.E.2d 849 (N.C. 2018). Yet, "the 'substantial right' test for appealability of interlocutory orders is more easily stated than applied." *Waters v. Qualified Pers., Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). Moreover, "[n]o hard and fast rules exist for determining

which appeals affect a substantial right." *Cagle v. Teachy*, 111 N.C. App. 244, 246, 431 S.E.2d 801, 802 (1993); *see also RPR & Assocs. v. Univ. of N.C.-Chapel Hill*, 153 N.C. App. 342, 347–48, 570 S.E.2d 510, 514 (2002).

12.     Rather, whether an interlocutory order affects a substantial right involves a case-by-case inquiry, *SED Holdings, LLC*, 250 N.C. App. at 221, 791 S.E.2d at 919 (citing *Waters*, 294 N.C. at 208, 240 S.E.2d at 343), and "[t]he trial court has the authority . . . to determine whether or not its order affects a substantial right of the parties or is otherwise immediately appealable[,]" *RPR & Assocs.*, 153 N.C. App. at 348, 570 S.E.2d at 514; *see also Plasman*, 800 S.E.2d at 768.  The appellant bears the burden of showing that an interlocutory order affects a substantial right.  *Feeassco, LLC v. The Steel Network, Inc.*, 826 S.E.2d 202, 208 (N.C. Ct. App. 2019) (quoting *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994)).

13.     Plaintiffs contend that enforcement of the deadlines relating to the Modified Return Protocol and the Awarded Expenses does not affect a substantial right and thus "fall[s] outside the scope of an automatic stay" provided by section 1-294. (Pls.' Mem. Opp'n Staying Modified Return & Preserv. Protocol & Payment Att'ys' Fees [hereinafter "Pls.' Mem. Opp'n"] 2–5, ECF No. 228.)  Specifically, Plaintiffs argue that section 1-294 does not apply to either the Second Sanctions Order or the Second Fee Award as a whole; they argue instead that section 1-294 should be applied to the individual components of the appealed orders and that the deadlines relating to both the Modified Return Protocol and the Awarded Expenses are "self-executing features"

of those orders that do not fall under the purview of section 1-294. (Pls.' Mem. Opp'n 3–5); *see Rutherford Elec. Mbrshp. Corp. v. Time Warner Entm't/Advance-Newhouse P'ship*, 2014 NCBC LEXIS 34, at *5–6 (N.C. Super. Ct. July 25, 2014) (finding "self-executing features" are not "proceedings 'in the court below' " as contemplated by section 1-294, but rather take effect without further action in or by the trial court); *see also Long v. Joyner*, 155 N.C. App. 129, 134, 574 S.E.2d 171, 175 (2002) (holding that attorneys' fee awards under Rule 37 do not affect a substantial right); *Bowman v. Alan Vester Ford Lincoln Mercury*, 151 N.C. App. 603, 612, 566 S.E.2d 818, 824 (2002) (finding that the part of an interlocutory order awarding attorneys' fees did not affect a substantial right).

14.   The Titan Defendants contend in opposition that section 1-294 stays enforcement of the deadlines to negotiate the Modified Return Protocol and pay the Awarded Expenses because each is a specific challenged provision in a properly appealed interlocutory order and thus is directly within "the judgment appealed from" and a "matter embraced therein." (Defs.' Initial Br. Regarding Stay Pending Appeal [hereinafter "Defs.' Initial Brief"] 3.) As to the Modified Return Protocol, the Titan Defendants argue that enforcing the Protocol's deadlines while the current appeal is pending will involve the Court in the subject matter of the appeal because the appeal includes a review of the legal validity of the Second Sanctions Order from which the Modified Return Protocol itself arises. (Defs.' Initial Br. 3.) As to the Second Fee Award, the Titan Defendants contend both that enforcing the deadline to pay the Awarded Expenses is likewise included in a properly appealed interlocutory

order, bringing enforcement of that deadline within "the judgment appealed from" and a "matter embraced therein," and that enforcement would affect a substantial right. (Defs.' Initial Br. 5.)

15. As an initial matter, North Carolina courts have routinely concluded that appellate review is immediately available where, as in the Second Sanctions Order, a trial court strikes a defendant's answer and enters default.[2] *See, e.g.*, *Feeassco, LLC*, 826 S.E.2d at 206–07 (striking answer as sanction affected substantial right and was immediately appealable); *Walsh v. Cornerstone Health Care, P.A.*, 829 S.E.2d 513, 516 (N.C. Ct. App. 2019) (same); *Essex Group, Inc. v. Express Wire Servs.*, 157 N.C. App. 360, 362, 578 S.E.2d 705, 707 (2003) (striking answer and entering default judgment affected substantial right and was immediately appealable); *Triad Mack Sales & Serv. v. Clement Bros. Co.*, 113 N.C. App. 405, 408, 438 S.E.2d 485, 487 (1994) (same).

16. North Carolina courts have also concluded that issues which are "inextricably intertwined" with immediately appealable issues likewise affect a substantial right and may be appealed on an interlocutory basis. *See Carl v. State*, 192 N.C. App. 544, 550, 665 S.E.2d 787, 793 (2008) (addressing on appeal the issue in an interlocutory order denying a Rule 12(b)(6) motion to dismiss because it was "inextricably intertwined" with issues before the court); *see also Kornegay v. Aspen Asset Grp., LLC*, 204 N.C. App. 213, 240, 693 S.E.2d 723, 741–42 (2010) (finding plaintiff could take action on any issue "separate and distinct" from and not

---

[2] Plaintiffs acknowledge that a court order striking a defendant's answer affects a substantial right under North Carolina law. (Pls.' Mem. Opp'n 4.)

"inextricably intertwined" with the issue on appeal); *Bartlett v. Jacobs*, 124 N.C. App. 521, 524, 477 S.E.2d 693, 695–96 (1996) (finding immediate appellate review proper where a claim and counterclaim were "sufficiently intertwined" such that adjudication of one could determine the outcome of the other and two trials on the same issues could result in inconsistent verdicts).

17.    Turning first to the Modified Return Protocol, the Court notes that all the sanctions ordered in the Second Sanctions Order, including the Modified Return Protocol, arise from the same facts and circumstances and address the same conduct by the Titan Defendants that led to the Court's decision to strike the Titan Defendants' Answer.   Since the Court's decision to strike the Titan Defendants' Answer clearly affects a substantial right, it follows that the enforcement of any of the sanctions imposed in the Second Sanctions Order arising from the same conduct is necessarily embraced within the appeal of the Order entering those sanctions. *See, e.g.*, *Edmundson v. Lawrence*, No. COA08-83, 2008 N.C. App. LEXIS 1453, at *8 (N.C. Ct. App. Aug. 5, 2008) ("Since the result of the appeal could moot [a certain issue], the motion [regarding that issue] was clearly embraced within Plaintiff's appeal of the underlying action.").  Thus, the Court concludes that section 1-294 automatically stays enforcement of the Modified Return Protocol.

18.    Even if the Court were to determine, as Plaintiff urges, whether each specific sanction, standing alone, affected a substantial right, the Court concludes that each of the forms of specific individual relief ordered in the Second Sanctions Order, including the requirements and deadlines concerning the Modified Return

Protocol, is "inextricably intertwined" with the striking of the Titan Defendants' Answer. *See, e.g., Safie Mfg. Co. v. Arnold*, 228 N.C. 375, 388, 45 S.E.2d 577, 585 (1947) ("While . . . an appeal from an interlocutory order leaves the action for all other purposes in the court below, . . . the disposition of [an] interlocutory order and *all questions incident to and necessarily involved in the ruling thereon* are carried by the appeal to the appellate court." (emphasis added) (citation omitted)). Therefore, for this additional reason, the Court concludes that the Second Sanctions Order, including the Modified Return Protocol, affects a substantial right and that section 1-294 stays enforcement of the new Protocol's deadlines.

19. The Court also concludes that section 1-294 automatically stays enforcement of the Second Fee Award. First, the Second Fee Award orders the payment of fees and costs based on the same conduct on which the Second Sanctions Order relies, and by the express terms of the two appealed orders, each is "inextricably intertwined" with the other. In particular, in paragraphs 149(a)(iii) and 149(a)(iv), the Second Sanctions Order permits the recovery of Plaintiffs' reasonable expenses, including attorneys' fees, and shifts the costs associated with the forensic examination of the Defendants' devices ordered in the First Sanctions Order to the Titan Defendants. The Second Fee Award merely specifies the amount of those fees, expenses, and costs and the deadline by which they must be paid. Should the Supreme Court reverse this Court's decision to award fees and costs in the Second Sanctions Order, the Second Fee Award will necessarily be reversed and vacated. *See, e.g., Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 111 (4th Cir. 2013) ("Two

separate rulings are 'inextricably intertwined' if 'the "same specific question" will "underlie both the appealable and the non-appealable order[.]" ' ' " (citations omitted)). Thus, the Second Fee Award affects a substantial right and is properly appealed prior to final judgment. Since payment of the Awarded Expenses is the subject of the "judgment appealed from," section 1-294 prevents the Court's enforcement of the payment deadline during the pendency of the current appeal.

20. The Second Fee Award also affects a substantial right—and thus section 1-294 precludes enforcement of its payment deadline—for the separate and independent reason that the Award requires the Titan Defendants to make immediate payment of a substantial amount of money ($246,577.50). *See Estate of Redden v. Redden*, 179 N.C. App. 113, 116–17, 632 S.E.2d 794, 798 (2006) (finding that an interlocutory order requiring a party to "make immediate payment of a significant amount of money" in the amount of $150,000 affected a substantial right), *remanded on other grounds*, 361 N.C. 352, 649 S.E.2d 638 (2007); *see also Tibbs v. Ford*, No. COA17-936, 2018 N.C. App. LEXIS 212, at *5–6 (N.C. Ct. App. Mar. 6, 2018) (noting that "this Court has previously determined" an order requiring a party to immediately make a significant payment "affected a substantial right"); *Beasley v. Beasley*, 816 S.E.2d 866, 872–73 (N.C. Ct. App. 2018) (holding that, in the family law context, ordering payment of a "not insignificant" amount of $48,188.15 in attorneys' fees affected a substantial right). Although Plaintiffs rely on North Carolina family law cases holding that the payment of attorneys' fees do not affect a substantial right, none of those decisions involves the near-term payment of sums in an amount

approaching the fees and costs awarded here. *See, e.g., Johns v. Johns*, No. COA07-1411, 2009 N.C. App. LEXIS 101, at *9–10 (N.C. Ct. App. Feb. 3, 2009) (attorneys' fees totaling $8,516.32); *Long*, 155 N.C. App. at 133, 574 S.E.2d at 174 (attorneys' fees of $1,980); *Cox v. Cox*, 133 N.C. App. 221, 233, 515 S.E.2d 61, 69 (1999) (attorneys' fees of $7,500).

B. Other Statutes

21.    Plaintiffs next argue that N.C.G.S. §§ 1-289 and 1-290 and Rule 62, each of which permits enforcement of an appealed order during appeal, apply in the current circumstances and that section 1-294 does not. The Court disagrees.

1. N.C.G.S. § 1-289

22.    N.C.G.S. § 1-289, titled "[u]ndertaking to stay execution on money judgment[,]" provides, in relevant part, that "[i]f the appeal is from a judgment directing the payment of money, it does not stay the execution of the judgment unless a written undertaking is executed on the part of the appellant, by one or more sureties, as set forth in this section." N.C.G.S. § 1-289(a). Plaintiffs contend that section 1-289 applies to the deadline in the Second Fee Award because the order is a money judgment to be executed upon rather than an order to be enforced. (Pls.' Mem. Opp'n 6.) The Second Fee Award, however, by its own terms, is an *order* enforceable by contempt, not a judgment subject to execution, and section 1-289 applies only to judgments enforced by execution and not to orders enforceable by contempt. *See Faught v. Faught*, 50 N.C. App. 635, 639, 274 S.E.2d 883, 886 (1981) (holding that "G.S. § 1-289 [is] an exception to G.S. § 1-294" and that "G.S. § 1-289 is applicable

only in cases involving a 'judgment directing the payment of money.' "); *see also*
*Simms v. Bolger*, 826 S.E.2d 467, 469 (N.C. Ct. App. 2019) ("Historically, . . . trial
courts had no jurisdiction to utilize contempt to enforce . . . orders while the case was
on appeal."); Elizabeth Brooks Scherer & Matthew Nis Leerberg, *North Carolina*
*Appellate Practice and Procedure* § 6.03 (2018) ("Section 1-289 applies only to
*judgments* directing the payment of money. An order requiring a party to take a
specified action within a certain period of time is not a money judgment subject to
execution. As such, it can be enforced only through contempt proceedings.").

 2. <u>N.C.G.S. § 1-290</u>

23. N.C.G.S. § 1-290 provides that:

> If the judgment appealed from directs the assignment or delivery of
> documents or personal property, the execution of the judgment is not
> stayed by appeal, unless the things required to be assigned or delivered
> are brought into court, or placed in the custody of such officer or receiver
> as the court appoints, or unless an undertaking be entered into on the
> part of the appellant, by at least two sureties, and in such amount as the
> court or a judge thereof directs, to the effect that the appellant will obey
> the order of the appellate court upon the appeal.

Plaintiffs contend that section 1-290 permits enforcement of the Modified Return
Protocol as a judgment directing the delivery of documents and personal property to
Plaintiffs. (Pls.' Mem. Opp'n 7.) Like section 1-289, however, "G.S. §[ ] 1-290 . . .
appl[ies] to *judgments* requiring the 'assignment or delivery' of personal property and
the 'sale or delivery of possession' of real property." *Faught*, 50 N.C. App. at 640–41,
263 S.E.2d at 887 (emphasis added). As discussed above, the Second Sanctions Order
is not in the nature of a final judgment enforceable by execution and, for that reason,
falls outside section 1-290's scope as well.

### 3. Rule 62

24. Rule 62 states in relevant part, that "[u]nless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction . . . shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal." N.C. R. Civ. P. 62(a). Further, where an injunction order is appealed, the trial court "may suspend, modify, restore, or grant an injunction during the pendency of the appeal[.]" N.C. R. Civ. P. 62(c). Plaintiffs argue that Rule 62 permits enforcement of the Modified Return Protocol because, as part of the Second Sanctions Order, the Protocol is an extension of the Court's March 14, 2018 Temporary Restraining Order, (ECF No. 7), and April 17, 2018 Preliminary Injunction, (ECF No. 42), requiring the Titan Defendants to return Red Valve's property, neither of which can be stayed pending appeal under Rule 62(a) and each of which can be modified under Rule 62(c). (Pls.' Mem. Opp'n 7–8.) The Court concludes, however, that Rule 62 does not apply to sanctions of the sort ordered here as they are too far separated from the original injunction in this case.

### C. Discretionary Stay

25. Separate and apart from the automatic stay under section 1-294, and as an alternative basis for the relief ordered herein, the Court concludes it is appropriate under the circumstances for the Court to exercise its inherent authority to enter a discretionary stay pending appeal of the deadlines in the Second Sanctions Order and in the Second Fee Award.

26. The Court has the inherent authority to enter a discretionary stay of proceedings pending appeal. *See DiCesare v. Charlotte-Mecklenburg Hosp. Auth.*,

2019 NCBC LEXIS 14, at \*25 (N.C. Super. Ct. Feb. 27, 2019); *Kornegay Family Farms, LLC v. Cross Creek Seed, Inc.*, 2016 NCBC LEXIS 30, at \*22 (N.C. Super. Ct. Apr. 20, 2016); *Rutherford Elec. Mbrshp. Corp.*, 2014 NCBC LEXIS 34, at \*18; *see also* N.C. R. Civ. P. 62; N.C. R. App. P. 8. Although the North Carolina appellate courts have provided "limited guidance" on whether to grant a discretionary stay pending appeal, this Court has recognized that a trial court should consider "potential prejudice to the appellant." *Vizant Techs., LLC v. YRC Worldwide, Inc.*, 2019 NCBC LEXIS 16, at \*12 (N.C. Super. Ct. Mar. 1, 2019); *see also Rutherford Elec. Mbrshp. Corp.*, 2014 NCBC LEXIS 34, at \*18.

27. Here, the Court concludes that requiring the Titan Defendants to negotiate a potentially unnecessary but most certainly time-consuming and complex Modified Return Protocol or pay the potentially unnecessary but very substantial Awarded Expenses is sufficient prejudice to the Titan Defendants to merit the Court's entry of a discretionary stay pending appeal.

## III.

## CONCLUSION

28. **WHEREFORE**, the Court, in the exercise of its discretion, hereby **ORDERS** that the Court's enforcement of the parties' obligations under paragraph 149 of the Second Sanctions Order and paragraph 81 of the Second Fee Award shall be **STAYED** during the pendency of the Titan Defendants' appeal or until otherwise ordered by the Court.

**SO ORDERED**, this the 17th day of December, 2019.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge