MARTHA W. COCHRAN v. JAY NOEL COCHRAN

No. 8826DC729

(Filed 2 May 1989)

1. **Appeal and Error § 6.9— deposition appearance and attorney fees—order not immediately appealable**

     An order requiring a nonparty witness to appear for a deposition and requiring the witness and her attorney to pay the plaintiff's attorney fees for a motion to compel appearance was not immediately appealable.

2. **Rules of Civil Procedure §§ 37, 45— deposition subpoena— county of issuance—justified opposition—attorney fees**

     A subpoena issued from Mecklenburg County was insufficient to compel the attendance of a nonparty witness for a deposition in Wake County since a subpoena to compel the deposition testimony of a nonparty witness must be issued

from the county in which the deposition is to be taken. Accordingly, the witness and her attorney were substantially justified in opposing the discovery sought pursuant to the subpoena, and the trial court's imposition of attorney fees on them under Rule 37(a)(4) was error. N.C.G.S. § 1A-1, Rules 37(a)(4) and 45(d)(1).

APPEAL by a nonparty deponent and her counsel from *Fulton, Judge*. Order entered 12 May 1988 in District Court, MECKLENBURG County. Heard in the Court of Appeals 15 February 1989.

This is an appeal from an order of the trial court taxing a nonparty deponent and her counsel with attorney fees for failure to comply with a subpoena to appear for deposition and to produce documents.

This case arose out of a divorce and equitable distribution proceeding between the Cochrans. Plaintiff, Mrs. Cochran, and the minor child of the marriage reside in Mecklenburg County, where the proceeding was filed. Defendant, Mr. Cochran, was alleged to be a resident of Wake County. Ms. Mary Lou Willey, the nonparty deponent, was alleged to be a resident of Wake County. During the discovery process of the divorce proceeding, Mrs. Cochran's attorney caused a subpoena to be issued from Mecklenburg County directing Ms. Willey to be present at a certain location in Wake County at a certain time on 6 May 1988, in order to be deposed in relation to the Cochran divorce. A request for the production of documents was included in the notice of deposition and subpoena. The subpoena was signed by Mrs. Cochran's attorney and served on Ms. Willey on 16 March 1988 while she was in Mecklenburg County to testify at a hearing in the Cochran case.

On 8 April 1988, Ms. Willey's attorney (Mr. Ponton) advised Mrs. Cochran's attorney that the deposition subpoena was ineffective to compel her attendance at the deposition. After an exchange of letters between the attorneys, counsel for the plaintiff filed a motion to compel the nonparty, Ms. Willey, to appear and produce documents. The motion was filed in the District Court of Mecklenburg County on 29 April 1988. A memorandum of law in opposition to plaintiff's motion was filed on behalf of Ms. Willey by Mr. Ponton. The memorandum asserted that the subpoena was ineffective to compel Ms. Willey's attendance because it was not signed by the Clerk of Court of Wake County as provided in Rule

45(d)(1) of the North Carolina Rules of Civil Procedure. After a hearing, the trial court found that Ms. Willey had not filed either a motion to quash the subpoena or an objection to the subpoena. The court also found that Ms. Willey's failure to appear was "intentional and occurred at the instance of Mr. Ponton [her attorney]." The court concluded that the request for documents and the subpoena for deposition addressed to Ms. Willey were properly issued and served and that "[a]n attorney may sign a subpoena compelling production of documents and commanding the attendance of a witness with those documents at a deposition." The trial court taxed Ms. Willey and Mr. Ponton, jointly and severally, with plaintiff's attorney fees and ordered Ms. Willey to attend a deposition (at a future date to be set by Mrs. Cochran's attorney) and to produce the documents requested. The trial court set the amount of attorney fees to be paid by Ms. Willey and Mr. Ponton at $2,000.00 and stated that "[f]ailure to make such payment in a timely fashion may subject Ms. Willey and Mr. Ponton, or either or both of them to further sanctions by way of contempt." Ms. Willey and Mr. Ponton appeal the entry of this order.

*James, McElroy and Diehl, by William K. Diehl, Jr. and Judith E. Egan, for plaintiff-appellee.*

*Wyrick, Robbins, Yates and Ponton, by Robert A. Ponton, Jr., and L. Diane Tindall, for appellants.*

EAGLES, Judge.

As a general rule, an order compelling discovery is not immediately appealable because it is interlocutory and does not affect a substantial right which would be lost if the ruling is not reviewed before final judgment. *Dunlap v. Dunlap,* 81 N.C. App. 675, 676, 344 S.E. 2d 806, 807, *disc. rev. denied,* 318 N.C. 505, 349 S.E. 2d 859 (1986). However, our courts have held where a party is found in contempt for noncompliance with a discovery order or has been assessed with certain other sanctions, the order is immediately appealable since it affects a substantial right under G.S. 1-277 and 7A-27(d)(1). *See Willis v. Duke Power Co.,* 291 N.C. 19, 30, 229 S.E. 2d 191, 198 (1976) (when civil litigant adjudged in contempt for failure to comply with discovery order, the order is immediately appealable); *Adair v. Adair,* 62 N.C. App. 493, 495, 303 S.E. 2d 190, 192, *disc. rev. denied,* 309 N.C. 319, 307 S.E. 2d 162 (1983) (striking defendant's answer and counterclaim for

failure to appear for deposition affected a substantial right and was immediately appealable).

[1] The order from which appellants appeal contained no enforcement sanctions. It only ordered appellant Willey to appear for deposition and to produce documents. The portion of the order requiring appellants to pay the attorney fees of plaintiff is authorized by G.S. 1A-1, Rule 37(a)(4). The order granting attorney fees is interlocutory, as it does not finally determine the action nor affect a substantial right which might be lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order. *See Benfield v. Benfield*, 89 N.C. App. 415, 419, 366 S.E. 2d 500, 502-503 (1988). *But see Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F. 2d 492 (9th Cir. 1983) (orders imposing sanctions on nonparties for failure to comply with discovery are considered final for purposes of appeal). Nevertheless, we have elected in our discretion to treat the purported appeal as a petition for writ of certiorari and address the merits. N.C. Rule App. Pro. 21(a)(1); G.S. 7A-32(c). *See Industrotech Constructors, Inc. v. Duke University*, 67 N.C. App. 741, 742-43, 314 S.E. 2d 272, 274 (1984).

[2] The appellants list three assignments of error in the record on appeal. First, appellants argue that the trial court erred in granting plaintiff's motion to compel discovery. Second, they argue that the trial court erred in awarding attorney fees to the plaintiff under Rule 37(a)(4). Finally, appellants argue that the trial court erred in ordering Ms. Willey to appear for deposition pursuant to the subpoena previously served. We hold that the trial court erred in concluding that the subpoena served on Ms. Willey was sufficient to compel her attendance for deposition. Therefore, the appellants were substantially justified in opposing the discovery sought. Accordingly, the court erred when it imposed attorney fees on appellants under Rule 37(a)(4).

Rule 45 of the North Carolina Rules of Civil Procedure contains the statutory provisions applicable to subpoenas. G.S. 1A-1, Rule 45. The particular provision that relates to subpoenas for taking depositions states that

> [p]roof of service of a notice to take a deposition as provided in Rules 30(a) and 31(a) constitutes a sufficient authorization for the issuance by the clerk of the superior court for the county in which the deposition is to be taken of subpoenas for the persons named or described therein.

G.S. 1A-1, Rule 45(d)(1). The comment to the statute sets out the distinctions among the different sections of Rule 45 and states that

> [i]n sections (a) and (c), it is contemplated that the subpoena will issue from the court where the action is to be tried wherever the witness is likely to be found, while in section (d) the idea is that the subpoena shall issue from the court of the county where the deposition is to be taken.

*Accord* Shuford, N.C. Civ. Pract. & Proc. (3rd Ed.), Section 45-6 ("Rule 45(d)(1) authorizes only the clerk of the superior court in which the deposition is to be taken to issue a subpoena for a deposition witness and only then upon proof of service of a notice to take the deposition under Rules 30(a) or 31(a).").

Other statutory provisions that relate to the discovery process provide for different treatment of nonparty deposition witnesses as opposed to parties. For example,

> [i]f a deponent fails to be sworn or to answer a question after being directed to do so by a judge of the court in the county in which the deposition is being taken, the failure may be considered a contempt of that court.

G.S. 1A-1, Rule 37(b)(1). However,

> [i]f a party or an officer, director or managing agent of a party or a person designated under Rule 30(b)(6) [to testify for a corporation, partnership, association or government agency] or 31(a) [to answer by deposition upon written questions] to testify on behalf of a party fails to obey an order to provide or permit discovery, . . . a judge of the court in which the action is pending may make such orders in regard to the failure as are just.

G.S. 1A-1, Rule 37(b)(2).

Based on these statutory provisions, we hold that in order to compel the deposition testimony of a nonparty, a subpoena must be issued from the county in which the deposition is to be taken. In this case, a proper subpoena should have been issued from the Clerk of Superior Court of Wake County. Accordingly, appellants were substantially justified in opposing the discovery sought pursuant to the subpoena issued from Mecklenburg County and the trial court's imposition of attorney fees under Rule 37(a)(4) was error.

For the reasons stated, the order compelling the nonparty deponent to appear and provide documents is vacated and the judgment entered against appellants is reversed.

Order vacated and judgment reversed.

Judges COZORT and GREENE concur.