SYLVIA FRYE LONG, ADMINISTRATRIX OF THE ESTATE OF ESMAY FRYE STEVENSON, DECEASED, PLAINTIFF v. C. WAYNE JOYNER AND WIFE, CAROL JEAN JOYNER, DEFENDANTS v. CATAWBA VALLEY BANK AND D. STEVE ROBBINS, TRUSTEE, DEFENDANTS

No. COA02-433

(Filed 31 December 2002)

1. **Appeal and Error— appealability—interlocutory order— order to pay attorney fees as a sanction**

   Although an order compelling discovery is generally not immediately appealable based on the fact that it is an appeal from an interlocutory order and an order to pay attorney fees as a sanction does not affect a substantial right, this order is appealable because the underlying legal issues in this case have been resolved by the parties in a settlement agreement and the trial court's order appealed in this case constitutes the only unresolved issue in the case.

2. **Discovery— sanction for failure to comply—knowledge of attorney imputed to client**

   The trial court did not err in an action seeking to set aside a deed of 5 May 1997 that transferred land owned by an eighty-seven-year-old decedent to defendants prior to her death on the grounds of fraud, undue influence, and mental incapacity by

ordering payment of plaintiff's attorney fees in the amount of $1,980.00 as a sanction based on defendants' failure to answer interrogatories presented by plaintiff regarding defendants' expert witnesses even though defendants contend the information was not known by defendants personally and was only known by defendants' counsel, because: (1) knowledge of an attorney hired by a client and doing work on behalf of that client is imputed to the client; and (2) defendants have failed to show an abuse of discretion by the trial court.

**3. Discovery— interrogatories—existence of expert opinions**

The trial court did not abuse its discretion in an action seeking to set aside a deed of 5 May 1997 that transferred land owned by an eighty-seven-year-old decedent to defendants prior to her death on the grounds of fraud, undue influence, and mental incapacity by sanctioning defendants for their failure to answer plaintiff's interrogatories regarding the existence of expert opinions even though defendants contend the interrogatories exceeded the scope of matter that is discoverable under the expert witness rule of N.C.G.S. § 1A-1, Rule 26(b)(4), because Rule 26(b)(4) limits the amount of information a litigant can obtain through interrogatories concerning the substance of an expert opinion, but does not limit the request for information regarding the opinion's existence.

**4. Discovery— interrogatories—expert witnesses—work product doctrine**

The trial court did not abuse its discretion in an action seeking to set aside a deed of 5 May 1997 that transferred land owned by an eighty-seven-year-old decedent to defendants prior to her death on the grounds of fraud, undue influence, and mental incapacity by sanctioning defendants for their failure to answer interrogatories regarding their expert witnesses even though defendants contend compelling defendants to answer the interrogatories violated the attorney work product exception under N.C.G.S. § 1A-1, Rule 26(b)(3), because: (1) plaintiffs did not ask defendants for documents or tangible things, but instead inquired whether the experts hired by defendants had produced an opinion in written form; and (2) plaintiff did not ask for the work product of defendants' attorneys nor for the work product of defendants' expert witnesses.

**5. Discovery— sanction for failure to comply—reasonableness of attorney fees**

The trial court did not abuse its discretion in an action seeking to set aside a deed of 5 May 1997 that transferred land owned by an eighty-seven-year-old decedent to defendants prior to her death on the grounds of fraud, undue influence, and mental incapacity by ordering defendants to pay plaintiff's counsel the sum of $1,980.00 as a sanction for failure to answer interrogatories regarding their expert witnesses, because: (1) the affidavit of plaintiff's attorney revealed that the total amount of attorney fees awarded by the trial court corresponded with the charges incurred by plaintiff for the attorney's work in preparing and presenting the motion for sanctions; and (2) the trial court found the award to be reasonable and facts exist within the record that reasonably support that award.

Appeal by defendants from order entered 7 December 2001 by Judge James W. Morgan in Catawba County Superior Court. Heard in the Court of Appeals 13 November 2002.

*Sigmon, Clark, Mackie, Hutton, Hanvey & Ferrell, P.A., by E. Fielding Clark, II, and Forrest A. Ferrell, for plaintiff-appellee.*

*Wyatt Early Harris Wheeler, L.L.P., by William E. Wheeler, for defendant-appellants.*

EAGLES, Chief Judge.

C. Wayne and Carol Joyner ("defendants") appeal from an order compelling them to answer interrogatories presented by Sylvia Frye Long ("plaintiff"). The order also required defendants to pay plaintiff's attorney fees in the amount of $1,980.00 as a sanction pursuant to Rule 37 of the North Carolina Rules of Civil Procedure.

The evidence tends to show the following. Plaintiff is serving as administratrix of the Estate of Sylvia Frye Long ("decedent"). Decedent was plaintiff's aunt. Decedent was a widow who owned a parcel of land in Hickory, North Carolina. Defendant Wayne Joyner rented a portion of decedent's land and operated a used-car business on it. Defendants contend that decedent did not have a happy relationship with her family and did not want her family to inherit her land. Defendants state that decedent repeatedly contacted them about transferring her land to them.

According to defendants, they hired an attorney at decedent's prompting to set up the land transfer. The final paperwork and closing documents were signed on 5 May 1997. The land was transferred to defendants in exchange for defendants' promise to pay an annuity of $550 per month to decedent for the rest of her life. Defendants also agreed to pay the gift taxes resulting from the transfer. A gift tax was paid because the value of the land was greater than the value of the annuity paid to decedent. Decedent's annuity was valued at $33,552. Defendants state that the land had a value of $220,000, while plaintiff contends that the land was worth at least $325,000. The attorney who prepared the deed and closing documents repeatedly asked decedent if she wanted another lawyer to represent her exclusively. She refused. He stated that decedent was fully competent despite being eighty-seven years old at the time of the transaction.

After the land transfer, decedent would visit defendants once a month to pick up her annuity check. This process continued until decedent's hospitalization in June 2000. On 6 July 2000, decedent was declared incompetent. Plaintiff was appointed her guardian. Plaintiff filed this action seeking to set aside the deed of 5 May 1997 on the grounds of fraud, undue influence, and mental incapacity. On 16 March 2001, decedent died. Plaintiff became decedent's administratrix.

On 22 February 2001, plaintiff sent her first set of interrogatories to defendants. Interrogatory #4 requested a summary of any expert opinions, while interrogatory #5 asked defendants to identify any written opinions produced by experts. Defendants submitted answers to the interrogatories on 4 April 2001. Defendants responded to interrogatories #4 and 5 with the following sentence: "No decision has been made at this time by the Joyner Defendants as to any expert witnesses."

After the defendants filed their answers to plaintiff's interrogatories, defendants' counsel hired Dr. Paul McGann and Dr. Todd Antin as consultants on the case. On 28 August 2001, defendants' counsel filed a supplemental answer to plaintiff's interrogatories that identified Dr. McGann and Dr. Antin as possible experts for trial. Defendants objected to interrogatory #5, stating that "no such opinions [had] been provided to the Joyner Defendants, and any such opinions which may have been provided to counsel for said Defendants would constitute attorney work product and is otherwise beyond the scope of permitted discovery."

LONG v. JOYNER

[155 N.C. App. 129 (2002)]

On 7 September 2001, plaintiff sent a second set of interrogatories to defendants, requesting more information about the two doctors' opinions. Interrogatory #8 asked for a listing of the records provided to Dr. McGann or Dr. Antin for review in formulating their expert opinions. Plaintiff's interrogatory #9 asked "whether their [sic] exists a written opinion by Dr. McGann and/or Dr. Antin as to their respective conclusion, whether or not the same was provided to the Joyner Defendants or their attorney." Interrogatory #10 requests the date, location and means of communication of the doctors' opinions, if no written form of the opinions exists. Interrogatory #11 asked defendants to identify journals, texts, studies, or other medical information defendants' experts used to formulate their opinions. Finally, interrogatory #12 asks whether a written opinion exists, regardless of whether it is in defendants' possession.

Defendants again objected to giving the information about their expert witnesses that was requested in these interrogatories. Plaintiff moved to compel defendants to respond to the interrogatories. On 31 October 2001, the trial court ordered defendants to fully respond to plaintiff's interrogatories #9, 10 and 12 within 20 days. Defendants filed an objection and response to this order, stating that the only information defendants had regarding Dr. McGann and Dr. Antin's opinions was relayed to them by their attorney. Defendants contend that this information was protected by the attorney-client privilege. Defendants did not contact Dr. McGann or Dr. Antin personally, instead relying on their attorney to communicate with the doctors. Defendants objected to answering plaintiff's interrogatories because they had no knowledge of the doctors' conversations with their attorney.

Plaintiff filed a motion requesting sanctions against defendants for their refusal to answer the interrogatories. Defendants' attorney filed his answer to the interrogatories. Defendants reiterated that they could not answer the interrogatories personally because only their attorney had the requested information. The trial court imposed sanctions upon defendants for their failure to comply with the discovery order on 31 October 2001. The trial court ordered payment of the plaintiff's attorney fees in the amount of $1,980.00 as defendants' sanction. Subsequently, the parties settled the underlying claim regarding the deed transfer. Defendants appeal the order to pay attorney fees as a sanction.

[1] As a preliminary matter, we note that defendants are appealing an order compelling discovery and a sanction for failure to comply with

that discovery order. "As a general rule, an order compelling discovery is not immediately appealable because it is interlocutory and does not affect a substantial right which would be lost if the ruling is not reviewed before final judgment." *Benfield v. Benfield,* 89 N.C. App. 415, 418, 366 S.E.2d 500, 502 (1988) (citing *Dunlap v. Dunlap,* 81 N.C. App. 675, 676, 344 S.E.2d 806, 807, *disc. rev. denied,* 318 N.C. 505, 349 S.E.2d 859 (1986)); *see Cochran v. Cochran,* 93 N.C. App. 574, 378 S.E.2d 580 (1989); *Walker v. Liberty Mut. Ins. Co.,* 84 N.C. App. 552, 353 S.E.2d 425 (1987).

Certain sanctions have been deemed immediately appealable because they affect a substantial right under G.S. § 1-277 or § 7A-27(d)(1). *See Willis v. Power Co.,* 291 N.C. 19, 30, 229 S.E.2d 191, 198 (1976) (civil or criminal contempt); *Adair v. Adair,* 62 N.C. App. 493, 495, 303 S.E.2d 190, 192, *disc. rev. denied,* 309 N.C. 319, 307 S.E.2d 162 (1983) (order striking pleadings); *Transportation, Inc. v. Strick Corp.,* 291 N.C. 618, 231 S.E.2d 597 (1977) (denial of request to depose out of state witness). However, an order to pay attorney's fees as a sanction does not affect a substantial right. *See Benfield,* 89 N.C. App. at 419, 366 S.E.2d at 503; *Cochran,* 93 N.C. App. at 577, 378 S.E.2d at 582. "The order granting attorney fees is interlocutory, as it does not finally determine the action nor affect a substantial right which might be lost, prejudiced, or be less than adequately protected by exception to entry of the interlocutory order." *Cochran,* 93 N.C. App. at 577, 378 S.E.2d at 582.

Ordinarily, defendants' appeal from the sanction order would be dismissed as interlocutory. But here, the underlying legal issues in this case have been resolved by the parties in a settlement agreement. The trial court's order appealed in this case constitutes the only unresolved issue in the case and therefore is appealable. Accordingly, we choose to address the merits of defendants' appeal.

**[2]** Defendants argue that the trial court erred in finding that defendants' responses to interrogatories #9, 10, and 12 failed to comply with the court's discovery order. We disagree.

Defendants contend that the information plaintiff requested regarding the expert witnesses was not known by defendants personally. Defendants argue that only defendants' counsel had the information required to answer plaintiff's interrogatories. This argument has no merit. The knowledge of an attorney hired by a client and doing work on behalf of that client is imputed to the client. *Rogers v. McKenzie,* 81 N.C. 164 (1879). Therefore the knowledge held by

defendants' attorney was imputed to them. Although they did not hire the expert witnesses or interview the doctors, defendants were receiving the benefit of the doctors' consultation with their attorney. The attorney acts as an agent for the client. "In this jurisdiction there is a presumption in favor of an attorney's authority to act for the client he professes to represent." *Greenhill v. Crabtree*, 45 N.C. App. 49, 51, 262 S.E.2d 315, 316, *aff'd per curiam by an equally divided court*, 301 N.C. 520, 271 S.E.2d 908 (1980). This presumption of attorney authority and knowledge by the client arises with regard to the procedural matters in a lawsuit. *See id.* Choosing expert witnesses and obtaining their testimony is a procedural pre-trial exercise typically left to the attorney. In this case, defendants' attorney was presumed to be working on the defendants' behalf when he hired expert witnesses and obtained their opinions for use at trial. Accordingly, the attorney's actions can be imputed to his clients in this instance. The sanction against defendants pursuant to Rule 37 could only be reversed upon a showing of an abuse of discretion by the trial court. *See Graham v. Rogers*, 121 N.C. App. 460, 466 S.E.2d 290 (1996). Defendants have failed to show an abuse of discretion in the trial court's order for them to answer interrogatories regarding their attorney's hiring of expert witnesses. Accordingly, this assignment of error is overruled.

**[3]** Defendants next contend that the trial court erred by requiring them to answer plaintiff's interrogatories because the interrogatories exceeded the scope of matter that is discoverable under the expert witness rule of the North Carolina Rules of Civil Procedure. G.S. § 1A-1, Rule 26(b)(4) (2001). We disagree.

"It is a general rule that orders regarding matters of discovery are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of discretion." *Hudson v. Hudson*, 34 N.C. App. 144, 145, 237 S.E.2d 479, 480, *disc. rev. denied*, 293 N.C. 589, 239 S.E.2d 264 (1977). Therefore, our review of the trial court's application of G.S. § 1A-1, Rule 26(b)(4) is limited to determining whether an abuse of discretion occurred. Here, there was no abuse of discretion by the trial court.

G.S. § 1A-1, Rule 26(b)(4) states, in pertinent part:

A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the

*facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.*

G.S. § 1A-1, Rule 26(b)(4) (2001). Plaintiff requested in her first set of interrogatories the identity of defendants' expert witnesses, the subject matter of their testimony, the substance of facts and opinions of the expert, and a summary of the basis for those facts and opinions. Defendants provided this information in a supplemental answer on 27 August 2001. However, defendants did not answer plaintiff's interrogatory #5, which questioned the existence of any written opinions produced by defendants' experts. In plaintiff's second set of interrogatories, interrogatories #9, 10 and 12 similarly asked defendants whether a written opinion by either of their experts existed. Plaintiff inquired, if no written opinion existed, how defendants learned of the opinions of their expert witnesses. Upon defendants' failure and refusal to answer questions about the existence of expert opinions, defendants were sanctioned by the trial court.

The sanctions against defendants for failure to answer interrogatories #9, 10 and 12 were not assigned in violation of Rule 26(b)(4). Rule 26(b)(4) limits the amount of information a litigant can obtain through interrogatories concerning the *substance* of an expert opinion, but does not limit the request for information regarding the opinion's *existence*. When the trial court ordered defendants to answer the interrogatories in question, it did not abuse its discretion. Accordingly, this assignment of error is overruled.

[4] Defendants argue that the trial court's order to compel them to answer interrogatories violated the attorney work product exception to the North Carolina Rules of Civil Procedure. G.S. § 1A-1, Rule 26(b)(3) (2001). We disagree.

Rule 26(b)(3), also called the "work-product rule," forbids the discovery of documents and other tangible things that are "prepared in anticipation of litigation" unless the party has a substantial need for those materials and cannot "without undue hardship . . . obtain the substantial equivalent of the materials by other means." G.S. § 1A-1, Rule 26(b)(3) (2001). Defendants contend that plaintiff's interrogatories #9, 10 and 12 violate this rule. However, plaintiff did not ask defendants for documents or tangible things. Instead, plaintiff inquired whether the experts hired by defendants had produced an opinion in written form. Plaintiff did not ask for the work product of defendants' attorneys, nor for the work product of defendants' expert witnesses. Accordingly, plaintiff's interrogatories did not violate Rule

26(b)(3). The trial court did not abuse its discretion by sanctioning defendants for their failure to answer these interrogatories. This assignment of error is overruled.

**[5]** Finally, defendants contend that the trial court abused its discretion by ordering defendants to pay plaintiff's counsel the sum of $1,980.00 as a sanction. Defendants argue that plaintiff's counsel did not submit the proper paperwork to the court to support his charged fee. Also defendants argue that the trial court did not make the necessary findings of fact to support its award of fees. We disagree.

The assignment of a sanction by the trial court for a litigant's failure to follow a discovery order can be reversed only upon a showing of an abuse of discretion. *See Couch v. Private Diagnostic Clinic,* 146 N.C. App. 658, 667, 554 S.E.2d 356, 363 (2001), *appeal dismissed, disc. rev. denied,* 355 N.C. 348, 563 S.E.2d 562 (2002). "An abuse of discretion results where the court's ruling is manifestly unsupported by reason." *Id.* Rule 37(a)(4) requires that upon a successful motion for an order to compel discovery, the moving party should be paid "reasonable expenses incurred in obtaining the order, including attorney's fees." G.S. § 1A-1, Rule 37(a)(4) (2001). In addition, "to be reasonable, the record must contain findings of fact to support the award of any expenses." *Benfield,* 89 N.C. App. at 422, 366 S.E.2d at 504.

Here, the trial court specifically found that:

11. The Plaintiff has incurred attorney fees in the prosecution of her Motion for Sanctions and is entitled to attorney fees. The Plaintiff's counsel has filed an Affidavit as to attorney fees.

The trial court concluded that plaintiff was "entitled to attorney fees . . . in the sum of $1,980.00, which said sums are reasonable and which such fees were caused by the failure of the Joyner Defendants to fully respond [to plaintiff's interrogatories]." The total amount of attorney's fees awarded by the trial court corresponded with the charges incurred by plaintiff for one attorney's work in preparing and presenting the motion for sanctions, according to plaintiff's attorney's affidavit. Therefore, the trial court found the award of attorney's fees to be reasonable and facts exist within the record that reasonably support that award. This assignment of error is overruled. Since the trial court did not commit reversible error in awarding plaintiff attorney's fees, we affirm.

Affirmed.

Judges GREENE and HUDSON concur.