IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-207

No. COA21-204

Filed 5 April 2022

Mecklenburg County, No. 18 CVS 19752

PATRICK PRESTON, Plaintiff,

v.

TOSHIKO PRESTON, Defendant.

Appeal by defendant from order entered 2 September 2020 by Judge Karen D. McCallum in Mecklenburg County District Court. Heard in the Court of Appeals 26 January 2022.

> *Hamilton Stephens Steele & Martin, PLLC, by Kyle W. LeBlanc, for Plaintiff-Appellee.*
>
> *Fleet Law, by Jennifer L. Fleet, for Defendant-Appellant.*

CARPENTER, Judge.

¶ 1        Toshiko Preston ("Defendant") appeals from an order granting sanctions and attorneys' fees to Patrick Preston ("Plaintiff"). We dismiss Defendant's appeal as interlocutory.

## I.   Background

¶ 2        Plaintiff and Defendant were married on 25 July 1988. The facts leading to the imposition of sanctions against Defendant are as follows: Plaintiff filed a

complaint for absolute divorce in October 2018. On 12 July 2019, Defendant filed her answer as well as motions to dismiss for lack of subject matter jurisdiction, improper venue, insufficiency of process, failure to state a claim, and a motion for sanctions. A hearing on these motions was held on 15 January 2020 ("the motions to dismiss hearing"). At the motions to dismiss hearing, the trial court indicated Defendant argued "profusely" that Plaintiff was not a citizen or resident of Mecklenburg County, that venue was improper in Charlotte, North Carolina and that North Carolina lacked jurisdiction to proceed with Plaintiff's complaint for absolute divorce. The trial court found Plaintiff was, in fact, a North Carolina resident, and jurisdiction was proper. Defendant appealed the trial court's decision, and those matters were resolved by this Court in the case of *Preston v. Preston*, 2021-NCCOA-670 (unpublished). In the appeal now before us, we review the imposition of sanctions against Defendant pursuant to N.C. Gen. Stat. § 1A-1, R. 11 (2021) ("Rule 11").

¶ 3          On 14 January 2020, one day before the motions to dismiss hearing, Defendant signed a verification for her complaint for post separation support, alimony, equitable distribution, and attorneys' fees. Contrary to the position she took at the motions to dismiss hearing, Defendant's complaint stated Plaintiff was a resident of North Carolina and admitted jurisdiction was proper. The complaint was file stamped on 15 January 2020, approximately one hour after the conclusion of the motions to dismiss hearing. In February 2020, Defendant also filed a motion to stay the divorce

proceeding, which was denied. Plaintiff subsequently filed a motion for sanctions and attorneys' fees pursuant to Rule 11. The divorce had not been finalized at the time both parties' briefs were filed.

On 1 September 2020, the trial court signed a written order granting Plaintiff's request for sanctions against Defendant and ordering Defendant to pay Plaintiff $15,000.00 in attorneys' fees, to be remitted in monthly increments of $300.00 until paid in full. On 30 September 2020 Defendant filed a notice of appeal.

## II.    Jurisdiction

Defendant's appeal is interlocutory. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Beasley v. Beasley*, 259 N.C. App. 735, 738, 816 S.E.2d 866, 870 (2018) (citation omitted). "[N]o appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a substantial right." *Waters v. Qualified Pers., Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978) (internal citations and quotation marks omitted). This Court has previously held: "Certain sanctions have been deemed immediately appealable because they affect a substantial right . . . [h]owever, an order to pay attorney's fees *as a sanction* does not affect a substantial right." *Long v. Joyner*, 155 N.C. App. 129, 134, 574 S.E.2d 171, 175, (2002) (emphasis added) (internal quotations and citations

omitted). As we stated in *Long*, "[t]he order granting attorney fees is interlocutory, as it does not finally determine the action nor affect a substantial right which might be lost, prejudiced, or be less than adequately protected by exception to entry of the interlocutory order." *Id.* at 134, 574 S.E.2d at 175 (quoting *Cochran v. Cochran*, 93 N.C. App. 574, 577, 378 S.E.2d 580, 582 (1989)).

¶ 6        However, we have also held an order for a party to pay a "significant amount of money" may be immediately appealed if it can be shown by the appealing party to affect a substantial right. *See Estate of Redden ex rel. Morely v. Redden*, 179 N.C. App. 113, 116-17, 632 S.E.2d 794, 798 (2006) ("The Order appealed affects a substantial right of [the] Defendant . . . by ordering her to make immediate payment of a significant amount of money; therefore this Court has jurisdiction over the Defendant's appeal pursuant to N.C. Gen. Stat. § 1-277 and N.C. Gen. Stat. § 7A-27(d)." (citations omitted)), *remanded on other grounds*, 361 N.C. 352, 649 S.E.2d 638 (2007); N.C. Gen. Stat. § 7A-27(b). Of course, "[t]he burden is on the appellant to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order." *Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001) (citation omitted).

¶ 7        In *Beasley v. Beasley*, the plaintiff was ordered to pay $48,188.15 in attorneys' fees to his former wife. 259 N.C. App. at 742, 816 S.E.2d at 873. The trial court had not determined and resolved the parties' equitable distribution claims. *Id.* at 741,

816 S.E.2d at 872. In *Beasley*, the issue before this Court was "whether an order for attorney's fees, which completely disposes of that issue as it relates to other substantive claims, is immediately appealable . . . particularly where . . . it arguably affects a substantial right." *Id.* at 741, 816 S.E.2d at 872 (citations and internal quotation marks omitted). This Court held the plaintiff's interlocutory appeal was entitled to immediate review and reasoned:

> to delay plaintiff's appeal from the order regarding attorney's fees until a final determination on the merits of all the parties' remaining claims would jeopardize plaintiff's substantial right not only because it is "an order which completely disposes of one of several issues in a lawsuit . . . but also because it orders plaintiff to pay a not insignificant amount—$48,188.15—in attorney's fees.

*Id.* at 742, 816 S.E.2d at 872–73.

¶ 8     The distinction between *Beasley* and the case at bar is two-pronged and lies in the manner in which the award for attorneys' fees was requested. In *Beasley*, an award of attorneys' fees was requested pursuant to statutory authority, specifically N.C. Gen. Stat. § 50-13.6 (2017) ("Counsel fees in actions for custody and support of minor children") and N.C. Gen. Stat. § 50-16.4 (2017) ("Counsel fees in actions for alimony, post-separation support"). *Id.* at 740, 816 S.E.2d at 871. In the case at bar, Plaintiff does not request an award of attorneys' fees pursuant to North Carolina's alimony or child support statutes, but requests the award in conjunction with Rule 11, as part of a motion for sanctions against Defendant. *See* N.C. Gen. Stat. § 1A-1,

R. 11.

¶ 9        As to the first distinction between *Beasley* and the case at bar, the grant of

attorneys' fees in *Beasley* involved the final disposal of an underlying issue, while the

grant of attorneys' fees in the case at bar stems from a Rule 11 motion for sanctions

intended to address Defendant's conduct in the ongoing lawsuit.  *Id*. at 741, 816

S.E.2d at 872.  "[A]n order which completely disposes of one of several issues in a

lawsuit affects a substantial right." *Case v. Case*, 73 N.C. App. 76, 78, 325 S.E.2d

661, 663 (1985) (citing *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976)).

However, the sanctioning nature of the issue in the present case does not involve the

disposal of an issue underlying the parties' original divorce litigation; rather, it

presents an entirely new question. The trial court ordered Defendant to pay Plaintiff

$15,000.00 in attorneys' fees, to be remitted in monthly increments of $300.00 until

paid in full.  The order of such a sanction, pursuant to Rule 11, was imposed to

address and deter Defendant's conduct, which the trial court found to be significant

in the ongoing action.  The imposition of the Rule 11 sanctions was clearly intended

to serve as a continuing deterrent, not as a signifier of the disposal of an issue

underlying the parties' original divorce litigation.  *See Case*, 73 N.C. App at 78, 325

S.E2d at 663.

¶ 10        Secondly, according to N.C. Gen. Stat. § 50-16.4 (2021), "the court may, upon

application of such spouse, enter an order for reasonable counsel fees, to be paid and

secured by the *supporting spouse* in the same manner as alimony." N.C. Gen. Stat §
50-16.4 (emphasis added). Based on the plain language of N.C. Gen. Stat. § 50-16.4,
the legislature intended a *dependent* spouse should receive the award when a request
for attorneys' fees was made pursuant to the statute.

¶ 11 There is a difference between the N.C. Gen. Stat. § 50-16.4 scenario and a
request for attorneys' fees made pursuant to a Rule 11 motion for sanctions, as the
purpose of an award for attorneys' fees in conjunction with a Rule 11 motion for
sanctions is to prevent a party's injurious conduct, including harassment and causing
unnecessary delay, from continuing during ongoing litigation. *See* N.C. Gen. Stat. §
1A-1, R. 11. Although Defendant admitted in her complaint for post separation
support and alimony she is the "dependent spouse," and Plaintiff is the "supporting
spouse" pursuant to N.C. Gen. Stat. § 50-16.1A (2), (5) (2021), and stated she does not
have adequate resources to meet her reasonable needs, Plaintiff's request for
attorneys' fees in conjunction with a Rule 11 motion is not limited by a qualifier
suggesting the receiver of the award should be the dependent spouse. *Cf. Beasley*,
259 N.C. App. at 751, 816 S.E.2d at 877-78.

¶ 12 Where Plaintiff's request for attorneys' fees was made in conjunction with a
Rule 11 motion for sanctions, whether the sanction involved an immediate payment
of a significant amount of money is important to the determination of whether the
sanction affects a substantial right. *See Estate of Redden ex rel. Morely* at 116-17,

632 S.E.2d at 798. However, no case law exists to support the contention Defendant's status as a dependent spouse affects whether Defendant has a substantial right to have this Court hear her interlocutory appeal. Defendant's bare assertion she is unable to pay does not suffice to confer jurisdiction on this Court. *See, e.g., Hoke Cty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516 (2009) ("The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate why the order affects a substantial right."). Defendant provides no argument in her brief attempting to meet her burden of establishing that a substantial right will be affected unless she is allowed an immediate appeal from an interlocutory order. *See Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001) (citation omitted) ("The burden is on the appellant to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order."). "It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order[.]" *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). This Court therefore lacks jurisdiction to hear Defendant's appeal based on the contention the award of attorneys' fees affects a substantial right.

## III. Conclusion

¶ 13    The trial court's award of Plaintiff's request for attorneys' fees in conjunction

with a Rule 11 motion for sanctions against Defendant does not dispose of an underlying issue involved in the parties' divorce litigation and has not been shown by Defendant to affect a substantial right. This Court does not have jurisdiction to hear Defendant's appeal from an interlocutory order, and Defendant's appeal is therefore dismissed.

DISMISSED.

Judge ARROWOOD concurs.

Judge TYSON dissents by separate opinion.

TYSON, Judge, dissenting

Plaintiff's counsel's anticipation of a potential adverse outcome on the issue of jurisdiction and the parties' domicile and subsequent filing of claims in North Carolina does not support nor warrant Rule 11 sanctions. Plaintiff's substantial rights are affected by the issuance of attorney's fees as sanctions under Rule 11 to warrant an immediate review. I vote to address these substantial rights and to vacate the trial court's order. I respectfully dissent.

## I. Background

Defendant signed a verification for her complaint for post-separation support, alimony, equitable distribution, and attorney fees on 14 January 2019. That complaint was not filed until 15 January 2020, after the jurisdictional hearing and ruling. Defendant's complaint stated Plaintiff was a resident of North Carolina, admitted jurisdiction was proper, and was filed one hour after the hearing concluded. Defendant filed a motion to stay the divorce proceeding in February 2020 which was denied. Plaintiff then filed his motion for Rule 11 sanctions and for attorney fees. The divorce had not been finalized at the time both parties' briefs were filed.

The trial court granted Plaintiff's request for sanctions against Defendant and ordered Defendant to pay Plaintiff $15,000.00 in attorney fees. Defendant appeals.

## II. Jurisdiction

### A. Interlocutory Appeal

¶ 17        "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Beasley v. Beasley*, 259 N.C. App. 735, 738, 816 S.E.2d 866, 870 (2018) (citation omitted). "[N]o appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a substantial right." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978) (citations omitted).

> Admittedly the "substantial right" test for appealability of interlocutory orders is more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered.

*Id.* at 208, 240 S.E.2d at 343.

## B. Substantial Right

¶ 18        As the majority's opinion explains, in *Beasley*, the plaintiff was ordered to pay $48,188.15 in attorney fees to his former wife. *Beasley*, 259 N.C. App. at 742, 816 S.E.2d at 873. The trial court had not determined and resolved the couple's equitable distribution claims. *Id.* at 741, 816 S.E.2d at 872. On appeal, the issue before this Court was "whether an order for attorney's fees, which completely disposes of that issue as it relates to other substantive claims, is immediately appealable . . . particularly where . . . it arguably affects a substantial right." *Id.* (citations and

internal quotation marks omitted).

¶ 19　　This Court held the plaintiff's interlocutory appeal was entitled to immediate review and reasoned:

> to delay plaintiff's appeal from the order regarding attorney's fees until a final determination on the merits of all the parties' remaining claims would jeopardize plaintiff's substantial right not only because it is "an order which completely disposes of one of several issues in a lawsuit but also because it orders plaintiff to pay a not insignificant amount—$48,188.15—in attorney's fees[.]

*Id.* at 742, 816 S.E.2d at 872–73 (citation omitted).

## C. Award of Attorney Fees

¶ 20　　"[A] trial court's award of attorneys' fees must be supported by proper findings considering 'the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney.'" *ACC Const., Inc. v. SunTrust Mortg., Inc.*, 239 N.C. App. 252, 271, 769 S.E.2d 200, 213 (2015) (citation omitted). The North Carolina State Bar has issued a conjunctive eight-factor rule concerning the reasonableness of attorney fees:

> (a) A lawyer shall not make an agreement for, charge, or collect an illegal or clearly excessive fee or charge or collect a clearly excessive amount for expenses. The *factors to be considered* in determining whether a fee is clearly excessive include the following:
> > (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> > (2) the likelihood, if apparent to the client, that the

> acceptance of the particular employment will
> preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for
> similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by
> the circumstances;
> (6) the nature and length of the professional
> relationship with the client;
> (7) the experience, reputation, and ability of the
> lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

27 N.C. Admin. Code 2.1.05 (Supp. 2021) (emphasis supplied).

¶ 21        Here, Plaintiff's counsel's fee affidavit covers the time period from the inception of Plaintiff's divorce action in September 2018 up to and including Plaintiff's motion for sanctions in 2020. The affidavit highlights Plaintiff's counsel's time working for Plaintiff. The trial court did not make these findings prior to award. The eight factors listed above to determine reasonable attorney fees are unaffected by the actions of the opposing party. *ACC Const., Inc.*, 239 N.C. App. at 271, 769 S.E.2d at 213. Defendant's substantial rights are affected to warrant immediate review.

### D. Rule 11

¶ 22        Further, Rule 11 provides:

> If a pleading, motion, or other paper is signed in violation
> of this rule, the court, upon motion or upon its own
> initiative, shall impose upon the person who signed it, a
> represented party, or both, an appropriate sanction, which

> may include an order to pay to the other party or parties
> *the amount of the reasonable expenses incurred because of*
> *the filing of the pleading*, motion, or other paper, including
> a reasonable attorney's fee.

N.C. Gen. Stat. § 1A-1, Rule 11(a) (2021) (emphasis supplied). If sanctions are warranted in this case, a reasonable fee must be calculated from the filing of the sanctioned complaint on 15 January 2020 pursuant to Rule 11, not for Defendant's actions prior to the filing of the sanctioned complaint.

¶ 23 Defendant and Plaintiff each filed a myriad of complaints and motions throughout the preceding three years. Plaintiff argues Defendant's jurisdictional challenges unreasonably caused delays. The evidence, findings, and conclusions do not support this assertion. Plaintiff failed to provide the proper petition and the trial court findings do not support a conclusion holding Defendant financially responsible for nearly 30 months of legal fees prior to Defendant's purported sanctionable conduct. *See id.*

¶ 24 Defendant asserted in her complaint for post-separation support and alimony that she is the dependent spouse and asserts Plaintiff is the supporting spouse pursuant to N.C. Gen. Stat. § 50-16.1A(2),(5) (2021). Defendant stated she does not have adequate resources to meet her reasonable needs. The underlying divorce has not been finalized, which further complicates the issue of marital and non-marital property from which the $15,000 fee could be taken.

Considering the particular facts of this case, Defendant's substantial rights are affected by the trial court's order to pay a "not insignificant amount" before the final determination of the divorce judgment. *Beasley*, 259 N.C. App. at 742, 816 S.E.2d at 872-73. I vote to allow Defendant's interlocutory appeal under a substantial right.

### III. Argument

### A. Standard of Review

> The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A–1, Rule 11(a) is reviewable *de novo* as a legal issue. In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence.
>
>  . . . .
>
> [I]n reviewing the appropriateness of the particular sanction imposed, an "abuse of discretion" standard is proper[.]

*Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

### B. Imposition of Rule 11 Sanctions

Defendant argues the trial court erred in issuing Rule 11 sanctions against her. Plaintiff argues Defendant's signature and date on the verification *de facto* violates Rule 11 and requires sanctions as a matter of law. Rule 11 states in relevant part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that *to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument* for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

N.C. Gen. Stat. § 1A-1, Rule 11(a) (emphasis supplied).

¶ 27   When a party acts in "good faith and upon the advice of counsel" our Supreme Court has held that such conduct is objectively reasonable. *Bryson v. Sullivan*, 330 N.C. 644, 662, 412 S.E.2d 327, 336 (1992). Counsel bears a duty to zealously advocate for her client. 27 N.C. Admin. Code 2.0.1(b) (2021).

¶ 28   Here, Defendant's attorney had prepared a summons, draft complaint, and verification, which Defendant signed on 14 January 2020, to be filed in the event of an adverse ruling by the trial court the next day. During the hearing, Defendant, a resident of the state of Maryland, had argued North Carolina did not have proper jurisdiction over the parties' divorce proceedings. The parties stipulate the trial court's determination that subject matter and personal jurisdiction were proper in North Carolina did not occur until 15 January 2020.

¶ 29   Defense counsel signed the summons and complaint and filed them approximately one hour after conclusion and ruling on the hearing on 15 January

2020. Plaintiff argues one hour after the hearing, Defendant acknowledged North Carolina courts have jurisdiction in her filed compliant for post-separation support, alimony, equitable distribution, and attorney fees. Defense counsel claimed she followed this protocol to preserve Defendant's answer to and claims on the merits of Plaintiff's complaint for divorce.

¶ 30 The trial court's Rule 11 findings of fact stated Defendant's actions warrant sanctions because she "was duly sworn and… acknowledged that the contents of the Complaint were true of her own personal knowledge." When the complaint and verification were filed, the trial court had already determined jurisdiction was proper in North Carolina. Defendant acknowledged North Carolina's jurisdiction as the court had ruled.

¶ 31 Defendant acted in good faith following the guidance of her counsel in signing the corresponding complaint and verification, which was filed only after the adverse ruling on jurisdiction. Defendant accepted the trial court's ruling after the hearing and moved forward with her legal strategy to preserve her claims and defenses on the merits. Defendant is not required to agree with the trial court's determination before she signs and her counsel files a complaint.

¶ 32 It is not sanctionable for counsel to alternatively anticipate an adverse outcome and to plan accordingly. Defendant's acknowledgement of North Carolina jurisdiction only occurred after her attorney filed her complaint to protect her marital

interests in North Carolina. Whether it was filed an hour, day, or week later after the court ruled is immaterial.

¶ 33 Even if sanctions were appropriate, the trial court made an error of law and abused its discretion by ordering Defendant to pay for the entirety of Plaintiff's attorney fees. Both parties filed a myriad of complaints and motions throughout the preceding. Plaintiff failed to show why Defendant should be financially responsible for more than two years of legal fees prior to Defendant's purported sanctionable conduct. *See* N.C. Gen. Stat. § 1A-1, Rule 11(a).

¶ 34 The majority's opinion acknowledges the implementation of Rule 11 sanctions is the basis to award attorney fees in this case. The imposition of Rule 11 sanctions against Defendant which resulted in ordering her to pay Defendant's attorney's fees from inception is unreasonable and invalid. Plaintiff's arguments are without merit.

## IV.    Conclusion

¶ 35 Defendant has asserted and shown a substantial right to merit immediate review. Defendant's counsel acted zealously and pre-emptively in preparing summons, a complaint, and a verification to be signed by an out-of-state party in anticipation of a potential adverse ruling on jurisdiction and domicile. Rule 11 is not violated by preparing drafts of pleadings in anticipation of an unfavorable ruling, which are not filed until after the court's decision. Defendant acted in good faith under advice of counsel. *See Bryson*, 330 N.C. at 662, 412 S.E.2d at 336

¶ 36        Substantial attorney fees awarded as Rule 11 sanctions are immediately appealable and are not warranted under these facts.   The award of Plaintiff's substantial attorney fees for other and non- jurisdictional matters against Defendant, a dependent spouse, is also unwarranted.  I vote to vacate the sanctions order and remand to the trial court for further proceedings.  I respectfully dissent.