An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1132

Filed 3 September 2025

Rockingham County, No. 22 CVD 001593-780

DYNITA Y.T. STEWART, Plaintiff,

v.

GILBERT MAURICE STEWART, Defendant.

Appeal by Plaintiff from judgment entered 21 October 2024 by Judge Christopher A. Freeman in Rockingham County District Court. Heard in the Court of Appeals 22 May 2025.

*Dynita Y.T. Stewart, Plaintiff–Appellant, pro se.*

*No brief for Defendant–Appellee.*

MURRY, Judge.

Dynita Y.T. Stewart (Plaintiff) appeals the trial court's order granting Gilbert M. Stewart's (Defendant) motion for attorneys' fees. For the following reasons, this Court dismisses Plaintiff's appeal for lack of jurisdiction and denies her petition for a writ of certiorari (PWC).

## I.  Background

Plaintiff and Defendant married on 3 April 2006 and separated on 29 July

2022, at which point Plaintiff filed for divorce. On 31 August 2022, Defendant moved to dismiss the divorce proceedings and filed an answer that included with an equitable distribution claim.[1] On 1 November 2022, Defendant served Plaintiff with his first set of interrogatories and request for production of documents (First Discovery Requests). Plaintiff did not timely respond to Defendant's filings, address his First Discovery Requests, or file a motion requesting extra time to do either. On 24 March 2023, the trial court ordered Plaintiff to provide Defendant with "all documentation responsive to all outstanding discovery items related to" Defendant's First Discovery Requests by 7 April 2023.[2] It also ordered Plaintiff to prepare an equitable distribution inventory affidavit and initial disclosures and serve them on Defendant by 28 April 2023 (Second Discovery Requests). He argued Plaintiff's "failure to timely and adequately respond to" his First Discovery Requests "unreasonably delayed the discovery proceedings and equitable distribution proceedings in this matter," thereby causing him to incur additional attorneys' fees. Defendant attached an affidavit calculating a total of $7,567.25 in attorneys' fees based on his counsels' hourly rates and levels of expertise. On 25 March 2024, the

---

[1] On 12 September 2022, Plaintiff served a verified Reply in which she joined Defendant in requesting that the trial court divide their marital and/or divisible property under N.C.G.S. § 50-20. N.C.G.S. § 50-52 (delineating equitable distribution).

[2] Section 50-21(a) required Plaintiff to prepare her inventory affidavit and initial disclosures and serve it on Defendant by 27 October 2022. The trial court extended the deadline via its 24 March 2023 scheduling order.

trial court granted Defendant's motion to compel and ordered Plaintiff to "provide all documentation" related to Defendant's First Discovery Requests by 15 March 2024. The trial court heard Defendant's motion for attorneys' fees on 3 October 2024. Plaintiff appeared for this hearing *pro se*. On 21 October 2024, the trial court awarded Defendant attorneys' fees (Order) and found in relevant part that:

11. The requested documentation and information in Defendant's First Discovery Requests are relevant and crucial to adjudicating the pending equitable distribution claim in this matter.
. . . .
15. As of [31 May 2025], Plaintiff had yet to produce all documentation responsive to Defendant's First [and Second] Discovery Requests
. . . .
18. . . . Plaintiff has the ability to pay an attorney fees award totaling $7,567.25.

In the Order, the trial court then concluded as a matter of law in relevant part that:

4. . . . Defendant is an interested party acting in good faith with insufficient means to defray the expenses of the prosecution of his [m]otion to [c]ompel . . . .
5. Considering the skill required for the proceedings, the circumstances of this proceeding, and the comparable hourly rates of attorneys in the area, $7,567.25 is a reasonable attorney[s'] fees for this action.
. . . .
7. Defendant is entitled to an award of attorneys' fees as prescribed by Rule 37 of the North Carolina Rules of Civil Procedure and [N.C.G.S.] § 50-21(e).

Finally, the trial court ordered Plaintiff to "pay Defendant's attorney fees in the amount of $7,567.25 . . . at a rate of $250[ ] per month." On 19 November 2024, Plaintiff timely appealed and filed a PWC with this Court.

## II.    Jurisdictional Analysis

On appeal, Plaintiff argues the trial court erred by (1) granting Defendant's motion for attorneys' fees, (2) concluding Defendant lacked sufficient means to defray the cost of his motion to compel, (3) awarding Defendant $7,567.25 in attorneys' fees, (4) concluding Plaintiff had the ability to pay the fee amount given her status as a dependent-spouse, and (5) awarding attorneys' fees when Defendant's counsel failed to properly serve Plaintiff, "thereby denying her due process."[3] For the following reasons, we dismiss Plaintiff's appeal for lack of jurisdiction and deny her PWC.

### A.  Interlocutory Appeal

We must first determine whether we have jurisdiction to hear Plaintiff's interlocutory appeal. Our Supreme Court has long held that "an interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Beasley v. Beasley*, 259 N.C. App. 735, 738 (2018). An interlocutory order is generally not appealable unless the appellant can show it deprives her of "a substantial right." *Water v. Qualified Pers., Inc.*, 294 N.C. 200, 2007 (1978) (quotation omitted); *see Est. of Redden v. Redden*, 179 N.C. App. 113, 116 (2006) ("A substantial

---

[3]  A plaintiff "who makes a general appearance without objection waives the issue of insufficiency of service of process and submits to the personal jurisdiction of the court." *In re A.J.M.*, 177 N.C. App. 745, 752 (2006); *see* N.C.G.S. § 1-75.7 (2023) ("A court of this State having [subject-matter] jurisdiction . . . may, *without serving a summons upon him*, exercise jurisdiction in an action over a person . . . [w]ho makes a general appearance in an action . . . ." (emphasis added)). Therefore, Plaintiff waives this issue, and we dismiss it accordingly.

right is a legal right . . . materially affecting those interests which a man is entitled to have preserved and protected by law . . . .") (quotation omitted); N.C.G.S. § 7A-27(b)(3)(a) (granting appellate jurisdiction over interlocutory orders affecting a "substantial right"). While some "sanctions [are] immediately appealable because they affect a substantial right[,] . . . an order to pay attorneys' fees *as a sanction* does not affect a substantial right." *Long v. Joyner*, 155 N.C. App. 129, 134 (2002) (emphasis added). This is because an order granting attorneys' fees "is interlocutory, as it does not finally determine the action nor affect a substantial right which might be lost, prejudiced, or be less than adequately protected by exception to entry of the interlocutory order." *Id.*[4]

Plaintiff repeatedly cites N.C.G.S. § 50-16.4, which permits the trial court to order "a supporting spouse [to] pay reasonable counsel fees . . . in the same manner as alimony." N.C.G.S. § 50-16.4; *see id.* § 50-16.1A(2), (5) (defining "dependent spouse" and "supporting spouse"); *Preston v. Preston*, 282 N.C. App. 518, 522 (2022) (recognizing the "legislature['s] intent[ ]" that *dependent* spouses may recover attorneys' fees under § 50-16.4). But Plaintiff's citation is irrelevant. Here, the trial court did not award attorneys' fees pursuant to either party's dependent or

---

[4]    An appellant may immediately appeal sanctions requiring *immediate* payment of a significant amount if she can show deprivation of a substantial right. *See Estate of Redden ex rel. Morley v. Redden*, 179 N.C. App. 113, 116–17 (2006) (holding an order affected a substantial right "by ordering . . . immediate payment of a significant amount of" $150,000), *cert. granted, remanded on other grounds*, 361 N.C. 352 (2007). But Plaintiff does not do so here.

supporting status; rather, it expressly *sanctioned* Plaintiff under Rule 37 and § 50-21(e). *See Myers v. Myers*, 269 N.C. App. 237, 249 (2020) ("[T]he trial court has express authority under . . . Rule 37 to impose sanctions on a party who balks at discovery requests . . . ." (quotation omitted)); N.C. R. Civ. P. R. 37(4) (allowing trial court to "require" that offending party "pay to the moving party the reasonable expenses incurred in obtaining the order [to compel discovery], including attorney's fees . . . ."). The interlocutory nature of trial court orders sanctioning a party with attorneys' fees is generally outside this Court's jurisdiction. *See Cochran v. Cochran*, 93 N.C. App. 574, 577 (1989). We decline to extend jurisdiction to this interlocutory appeal.

## B. Petition

In the alternative, Plaintiff concurrently petitions this Court for a PWC. We may issue a PWC when an interlocutory order otherwise has "no right of appeal." N.C. R. App. P. 21(a)(1). Our Supreme Court has "establishe[d] a two-factor test to assess whether certiorari review by an appellate court is appropriate." *Cryan v. Nat'l Council of YMCAs of the U. S.*, 384 N.C. 569, 572 (2023). The appellant must show (1) either "merit or that error was probably committed below," and (2) that "extraordinary circumstances" "justify" appellate review. *Id*. (quotations omitted).

Here, the trial court sanctioned Plaintiff by ordering her to "pay the Defendant's reasonable attorney's fees to defray the costs" of his motion to compel discovery. On appeal, Plaintiff fails to demonstrate either merit or circumstances

warranting appellate review. She cites irrelevant law, asserts no prejudice, and offers no probability of a different result upon remand. Therefore, we deny Plaintiff's PWC and dismiss her appeal.

### III.    Conclusion

For the reasons above, we deny Plaintiff's PWC and dismiss her appeal.


DISMISSED.

Judges FLOOD and STADING concur.

Report per Rule 30(e).